This action was commenced in the county court of the county of Madison, and an issue of fact was joined therein before the adoption of the code. The legislature, in the adoption of the code, through inadvertence, omitted to give the county court authority to try causes in which issues of fact had been previously joined, by jury. (Code of 1848, secs. 32, 35, 36, 37, 38.) But by the provisions of the code (sec. 32) the court retained jurisdiction of such causes, and of the parties. This cause was tried in the county court by jury in September, 1848. The defendant appeared on the trial and interposed a defence to the suit on the merits, and omitted to make any objection on the trial to the trial of the cause by the jury, or by the court and jury. I think the defendant, having failed to take his objection at the proper time, must be regarded as waiving the irregularity of the trial by the court and jury, and acquiescing in, or consenting to, such trial. This is not a jurisdictional question. The court *Page 534 
had jurisdiction both of the cause and of the parties, but by a mistake in the adoption of the code, it had no power to try the cause by a jury. We must regard the trial as a trial by the consent of parties. A party may silently acquiesce in, or expressly consent to, an irregular empannelling of the jury, or to a trial by a jury of less than the legal number, or by incompetent jurors. (10 John. 107; 2 John. 385; 9 John. 352, 354; 11 John. 134; 17 John. 133; 9 Bing. 13; 6 Taun. 460; 4 Bar. and Ald. 430; 2 T.R. 385.) Consent, either express or by implication, waives all objection to irregularities which occur in the progress of a cause.
I am of opinion that the judgment of the supreme court should be affirmed.
A majority of the court concurred in the foregoing opinion.