[No. 1626.   Decided July 27, 1895.]

GEORGE M. WEIGLE, *Assignee, Respondent,* v. CASCADE
FIRE AND MARINE INSURANCE COMPANY, *Appellant.*

INSURANCE — MISREPRESENTATION OF MATERIAL FACT — APPEAL — OB-
JECTIONS NOT RAISED BELOW.

Where a case in equity has been permitted to go to trial by jury
without objection, the error cannot be urged on appeal.

The concealment by the assured of any material fact or circum-
stance concerning the insurance or the subject thereof, whether wil-
ful and intentional or through mistake, is sufficient to avoid the
policy, except in cases where the assured does not undertake to
state the matter charged to be false as a matter of positive knowl-
edge on his part.

*Appeal from Superior Court, King County.*

*C. A. Riddle (H. H. A. Hastings,* of counsel), for ap-
pellant.

*A. E. Isham,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This action was instituted by the re-
spondent George M. Weigle, assignee of Jennie V.
Willets,.against the appellant, the Cascade Fire and
Marine Insurance Company and various persons al-
leged to be stockholders in said company, to recover
upon a policy of insurance, damages for loss of prop-
erty destroyed. The defendant insurance company
answered, admitting the issuance of the policy sued
upon and that the property therein described was de-
stroyed by fire, but alleged that the policy of insur-
ance insured the property while the same was
contained in the building occupied as a dwelling and
lodging house, that it was stipulated in said policy

29 — 12 WASH.

that it would be entirely void, unless otherwise provided by agreement endorsed on said policy, if the hazard should be increased by any means within the control or knowledge of the insured; alleged that the building and rooms wherein said property was situated, were used as a house of prostitution, wherein lewd, boisterous and riotous persons congregated, that riotous conduct occurred, that thereby the hazard became greatly increased, that such use was in violation of the terms of said policy, and that the policy thereby became null and void.

It was further pleaded affirmatively by the appellant that it was stipulated in said policy that the same should be void, if the insured had concealed or misrepresented in writing or otherwise any material' fact or circumstance concerning the insurance or the subject thereof; that at the time of making said policy of insurance, said Jennie V. Willets, the person named in said policy as the insured, stated and represented to the defendant, that the premises, wherein the property described in the said policy of insurance was situated, were used as a dwelling and a lodging house; that in truth and in fact the said premises were used and occupied by the said Jennie V. Willets as a house of prostitution and as a place of assignation and as a resort for lewd and riotous people, who indulged in drinking and carousals, and that said persons became drunk and disorderly and thereby rendered said premises uninsurable under and by virtue of the by-laws and regulations of the defendant corporation; alleged that the said Jennie V. Willets concealed the aforesaid facts from the defendant, misrepresented the character of the risk and the occupancy of the building and that the defendant had no knowledge or information regarding the same, and alleged what was really a

conclusion of law, that the policy of insurance by reason of such misrepresentation and concealment was void at the time of the fire. The case was tried before a jury and a verdict rendered for the respondent, from which an appeal is taken to this court by the appellant.

It is urged by the appellant that the amended complaint in this case was a bill in equity, that the action thereby became a case in equity, that equity having assumed jurisdiction could retain it for all purposes, and that respondent was not therefore entitled to a jury trial of the issues involved. As this question was not raised below, however, by the appellant, as it tacitly consented to a trial by jury by entering into a trial of the cause without objection, it is too late to raise the question here.

We have carefully examined this record and from such examination conclude, that, with one exception, the contention of the appellant that errors were committed by the lower court, cannot be sustained. We do not think (without particularly specifying), that the court erred in admitting the testimony of Mrs. Willets, nor should we reverse this case on the ground that the testimony would not sustain the verdict, neither do we think the court abused its discretion in not allowing appellant to amend its answer as prayed for. The court, we think, rightfully instructed the jury concerning the question of additional risk, and that under the testimony they were justified in concluding that no additional risk had been proven, even conceding that the testimony showed that the house had been used as a house of prostitution.

Among other things, however, the court instructed the jury as follows:

" You are instructed that it is stated in the policy

introduced in evidence, that the second story building was occupied as a dwelling and lodging house. You are furthermore instructed that the policy introduced in evidence in this case, provides that said policy shall be void if the insured should conceal or misrepresent, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof.''

Then the court proceeded to instruct the jury as follows:

''In order for there to be a concealment upon the part of Jennie V. Willets in this particular, you are instructed that such concealment must have been wilful and intentional.''

This instruction was properly excepted to by the counsel for the appellant, and we think it is palpably erroneous under all the authorities.

1 May on Insurance, (3d ed.) § 181, states the rule as follows:

''The general doctrine undoubtedly is, that a misrepresentation, whether made intentionally or through mistake and in good faith avoids the policy, on the ground that, in either case, the injury to the insurer is the same. It is the fact that the insurer relies upon the truth of the representation, and not upon the intention, which misleads, whether fraudulent or otherwise, that gives him the right to complain.''

The author states that this doctrine is held with reference to concealment, but, perhaps, with less reason, but we are unable to see why any distinction should exist, if it is based upon the right of the insurer to know the conditions of the property which he insures. 1 Wood on Insurance, p. 555, states the rule to be that:

'' Where the conduct of the assured, either by acts of omission or commission, are such as influence the in-

surer in either or any of these respects, it in law is fraudulent, even though the insured did not know that his conduct was of that character, or did not intend to mislead the insurer. It is not essential that the conduct of the assured in these regards should be such as indicate bad faith on his part. The matter does not depend so much upon the question as to whether the act is *fraudulent*, as whether it is a violation of an implied contract on his part, to reveal everything material to the risk, or to state everything truly, that he undertakes to state, that influences the underwriter in taking or rejecting it, or in fixing a higher or lower premium."

The only exception to this rule is where the assured does not undertake to state the matter charged to be false, as a matter of positive knowledge on his part, as if he states it as his opinion or belief; in such case the insurer is thereby put upon his inquiry. But in this case it is alleged that a material concealment was made, and that by reason of that concealment, a policy was issued upon property which would not have been issued at all at any rate; and if this were true, then certainly the concealment here would be very material, and it might well be that the jury would find in favor of the appellant on the question of the occupancy of the house as a house of prostitution; upon the question of increase of risk by reason of such occupancy; and yet under this instruction, if it did not appear that this particular use of the house was concealed from the company wilfully and intentionally by Mrs. Willets, they would be compelled to find in favor of the respondent.

The cases cited by the respondent to sustain the instruction of the court in this particular are not in point. The first citation is 1 Wood on Insurance, p. 557, § 229. This is the same section referred to above and the only exception to the rule which that author

gives is, as we have above indicated, where the representation was not of a positive nature. The author also makes a distinction between statements made in answer to inquiries put by the insurer and those stated by the insured voluntarily and not in response to inquiries by the insurer, and asserts that the latter are not efficacious as warranties unless material in fact, and § 230 announces that:

"The effect of a concealment and of a misrepresentation of facts relating to the risk are the same, and their effect upon the rights of the parties are tested by the same rules, to wit: *Whether they relate to matters material to the risk, or influence the insurer either in taking or declining the risk, or in fixing a less rate of premium than he would otherwise have charged therefor.* The concealment or representation of untrue matters *that are not material to the risk* does not avoid the policy, because they do not influence the insurer in the respects previously named."

But propositions of this kind and cases that are cited under the text do not bear upon the case in point, for if the allegations of the answer are true, the concealment of the fact alleged *did* influence the insurer in taking the risk.

One of the cases relied upon by respondent is *Hall v. People's Mutual Fire Ins. Co.*, 6 Gray, 185. There it was held that a policy of insurance upon a hotel described in the application as occupied as such by a tenant, and which is in fact leased and apparently used as a hotel at the time of obtaining the insurance, is not avoided by its being then used by the tenant, without the knowledge or consent of the assured, as a house of ill fame. The court in its opinion says:

"The evidence is not stated; but the court instructed the jury, that if they found the house was occupied as a house of ill fame, and that this fact was known to

the plaintiff, or his agent who made the representation, the plaintiff could not recover; but that if the building was leased as a hotel, and apparently used as such, but was in fact used by the tenant as a house of ill fame without the knowledge or consent of the plaintiff, such use would not prevent a recovery."

The court held that that instruction was sufficiently favorable to the defendant, that the inquiry naturally was as to the then description of the building, that it was truly described as a hotel occupied by Mr. Holmes as a hotel, and that there was no suppression of a material fact, if such fact was not known to the assured, which could be deemed false; that if it was a hotel and used as a hotel at the time, there would be no false representation if it was used otherwise by the tenant, without the lessor's knowledge or consent. This is altogether a different proposition from the one stated by the answer in this case.

In *Insurance Company v. Wilkinson,* 13 Wall. 222, the assured in a life policy, in reply to a question, "Had she ever had a serious personal injury?" answered "No." It eventuated that she had ten years before fallen from a tree and injured herself more or less. It was insisted by the defense in that case, that if the injury was considered serious *at the time,* it was one which must be mentioned in reply to the interrogatory, and the court held that the accidents resulting in personal injuries, which at the moment are considered by the parties serious, are so very numerous that it would be almost impossible for a person engaged in active life to recall them at the age of forty or fifty years, and in substance decided that if the lack of answering or of reciting all such personal injuries worked a forfeiture of policies, very few could be sustained, where thorough inquiry is made into the history of the party whose

life is the subject of insurance. This case decides some points in favor of respondent's contention on the question of agency, but as we have before remarked, the jury may have found for the appellant on the question of agency and all other questions at issue in the case, and still would have been justified in finding for respondent under the instruction just criticised, and for that reason we cannot determine that this instruction is not injurious to the appellant.

For this error the judgment will be reversed and the cause remanded with instructions to proceed in accordance with this opinion.

SCOTT and ANDERS, JJ., concur.

HOYT, C. J., concurs in the result.

GORDON, J., not sitting.