C. SHENKBERG COMPANY, Appellants, v. L. D. PORTER, E. J. PORTER, and W. S. WARFIELD, Administrator of the Estate of R. M. WARFIELD, Deceased.

**Alteration of instruments:** VALIDITY. As a general rule neither
1  the alteration of a written contract by a stranger to the instrument nor by an agent of one of the parties, unless expressly or impliedly authorized to make the change, affect its validity; and in the instant case the question of authority was for the jury.

**Principal and surety:** DISCHARGE OF SURETY. Where an instrument
2  guaranteed the collection of accounts within a reasonable time, and in a suit on the instrument it was stipulated that a reasonable time had elapsed prior to the trial, a surety was not prejudiced by an extension of the time for collection without his consent.

*Appeal from Woodbury District Court.*— HON. WILLIAM HUTCHINSON, Judge.

FRIDAY, FEBRUARY 14, 1908.

SUIT on a bond guaranteeing the collection of certain accounts. There was a directed verdict for the surety E. J. Porter, and for W. S. Warfield, administrator, and from a judgment on said verdict the plaintiff appeals.— *Reversed.*

*Wright, Call & Sargent,* for appellant.

*Shull, Farnsworth & Sammis,* for appellee W. S. Warfield.

SHERWIN, J.— In November, 1902, the Northwestern Manufacturing Company, a corporation, sold to the plaintiff certain property, including book accounts. At said time E. J. and L. D. Porter were the owners and stockholders of the Northwestern Manufacturing Company, and L. D. Porter was an employé of plaintiff, being employed to collect the accounts sold by the manufacturing company to the plaintiff. As a part of the transaction of sale and as a part of the consideration thereof, the defendant E. J. Porter and R. M. Warfield, deceased, became sureties on a bond given by L. D. Porter to the plaintiff which guaranteed the collection of the book accounts sold to the plaintiff, which guarantee was in the following language: " It being the intention of this bond to guarantee to C. Shenkberg Company that the full amount of the various book accounts thus sold by the Northwestern Manufacturing Co. to C. Shenkberg Company shall be collected by L. D. Porter, and by him paid and turned over to said C. Shenkberg Company, and that upon the failure of the said L. D. Porter, within a reasonable time, to collect said accounts in full, and pay them over to said C. Shenkberg Co., the principal and surety of this bond shall

be liable for deficiency." In August, 1904, suit was begun on the bond to recover the amount of the accounts then uncollected. The defendants E. J. Porter and R. M. Warfield, sureties on the bond, filed an answer admitting that they signed the bond, a copy of which was set out in the petition, and denying generally the other allegations thereof. They further answered that, after they had executed the bond, it was altered by the insertion of the words " which is March 1, 1903," after the words " reasonable time," as the same appeared in the bond, so that it read, " Failure of said L. D. Porter within reasonable time which is March 1, 1903, to collect said accounts," etc. On the trial of the case it was stipulated that a reasonable time for the collection of the accounts had expired at the time of the commencement of the suit. The evidence conclusively showed that, after the delivery of the bond to the plaintiff, it was changed by the insertion of the words which have been heretofore set out, and that such change was made by one Kennedy, who had at that time been in the employ of the plaintiff as a credit man for several years. It was also made to appear without controversy that the change was made known to the defendant E. J. Porter soon after it was made. Kennedy was not an officer of the plaintiff, nor did he have any direct authority to change the bond. After it was executed, it was left in the plaintiff's office where Kennedy worked, and it remained there until some time prior to the bringing of this action. It was conclusively shown that no officer of the plaintiff corporation or company had any knowledge of the change in the bond until long after it had been made, and that immediately upon discovering that the words had been added thereto they were stricken therefrom by direction of the officers and managers of the company, and this was before this suit was brought.

The trial court was clearly in error in directing a verdict for the sureties. The evidence tended very strongly to show, if it did not indeed conclusively show, that Kennedy had no authority as a servant of the company to do the act

or to bind them in any way by doing it.   If that was found to be true, the rule that an alteration of a written instrument by a stranger thereto does not invalidate it would be controlling, and the plaintiff would be entitled to recover on the bond in its original form.   It is the general rule that no alteration or spoliation of a written instrument made by a stranger thereto will affect the validity thereof.  *Mathias v. Leathers,* 99 Iowa, 18; 1 Am. & Eng. Enc. of Law, 55.   And it is also the rule that no alteration made by an agent of one of the parties will avoid the contract, unless it be shown that such agent had express or implied authority to make the alteration.   The question then was for the jury, and it was error to direct a verdict against the plaintiff.

1. ALTERATION OF INSTRUMENTS: validity.

The appellee Warfield contends that the time for the collection of the accounts was extended without his consent or knowledge, and therefore that he is discharged.   It is claimed that the time for collection was extended from March 1st, to May 1st.   This contention is of course based on the theory that March 1st was the date fixed by the parties for the collection of the accounts. It is manifest, however, that a release of the surety cannot be based on the facts alleged.   In the first place, the time fixed in the bond for the collection of these accounts was indefinite.   A reasonable time was provided instead of a specific date, and in view of the stipulation that a reasonable time had elapsed when the trial of the case was had these sureties are not in a situation to claim prejudice by the lapse of time.

2. PRINCIPAL AND SURETY: discharge of surety.

The judgment must be, and it is, *reversed.*