## WALKER et al. v. SAGER et al.

No. 7769—Opinion Filed July 10, 1917.

(166 Pac. 714.)

1. **Appeal and Error — Presentation of Grounds of Review in Court Below — Necessity — Objection to Jury Trial.**

"The objection that a party had a jury trial to which he was not entitled cannot be raised for the first time on appeal." Nowlin v. Melvin, 47 Okla. 57, 147 Pac. 308.

2. **Same — Sufficiency of Evidence.**

Where the complaining party has failed to demur to the evidence or move for a directed verdict, the question of the sufficiency of the evidence to sustain the verdict is not properly reviewable on appeal.

(Syllabus by Beakmore, C.)

Error from Superior Court, Muskogee County; H. C. Thurman, Judge.

Action by Henry P. Sager against Elmer Faubus, in which Edward A. Walker and another interpleaded. There was a judgment for plaintiff, and the interpleaders bring error. Affirmed.

W. J. Crump, M. G. Bailey, and John M. Crump, for plaintiffs in error.

Joseph C. Stone, Charles A. Moon, and Francis Stewart, for defendant in error Sager.

Opinion by BLEAKMORE, C. This action was commenced in the district court of Muskogee county by Henry P. Sager, as plaintiff, against Elmer Faubus, defendant, to recover possession of certain real property and the rents and profits thereof. In the petition it was alleged that the lands involved were allotted to the wife of plaintiff, who died in March. 1907, leaving surviving Edward A. Walker and Katie Walker, her father and mother, and the plaintiff, her husband, who inherited the same, and that on December 11, 1912. Edward A. and Katie Walker by warranty deed conveyed the premises to the plaintiff. Defendant filed his answer to the allegations, to which it appears unnecessary to refer. Thereafter Edward A. and Katie Walker were by leave of court made parties and filed their interplea in the action. claiming title to the property by inheritance from the deceased allottee, and in which they set forth:

"These interpleaders admit that on or about the 11th day of December, 1912, they executed and delivered to the plaintiff their

warranty deed purporting to convey to said plaintiff all of their interests in the above-described land; that these interpleaders state that one of them is a full-blood Cherokee Indian and duly enrolled as such, and they here state that said deed was not approved by the county judge of Muskogee county, as required by law in such cases made and provided.

"And these interpleaders further state that when said deed was executed by them to the plaintiff it was executed wholly without consideration, that no consideration passed from plantiff to interpleaders by reason of the execution of said deed, and that the sole and only purpose for the execution of said deed was on account of and under an agreement made between these interpleaders and the plaintiff that these interpleaders would execute and deliver to the plaintiff a deed to said land in order that the record would show title in said plaintiff for the purpose of enabling him to mortgage same, together with other land which he claimed he intended to purchase, and thereby enable him to purchase said other land, and these interpleaders state that it was specifically agreed by and between them and the plaintiff that he, the plaintiff, would reconvey said land to these interpleaders any time thereafter when called upon to do so. Said deed having been executed by these interpleaders for the sole and only purpose of placing the record title in said plaintiff in order that he might give a mortgage thereon and enable him to purchase other land as above stated. These interpleaders further state however, that said plaintiff never at any time purchased the other land which he stated to those interpleaders that he intended to purchase and for the purchase price of which a mortgage was to be executed on the land in controversy: and these interpleaders state that they have demanded of said plaintiff that he reconvey to them said lands, but that plaintiff has failed and refused to comply with such demand and to reconvey to these interpleaders said land in keeping with the contract made between said plaintiff and these interpleaders, and these interpleaders state that said deed so executed by them on December 11, 1912, as above set out, is a cloud upon the title of these interpleaders and ought to be removed."

There was a trial to a jury, resulting in verdict and judgment for plaintiff, and interpleaders have appealed.

As grounds for reversal interpleaders in their brief urge:

(1) "The verdict of the jury is contrary to the law and the evidence;" and (2) "the evidence showed that one of the interpleaders, to wit, Katie Walker, is a full-blood Cherokee Indian and duly enrolled as such, and there was no evidence showing or tending to show that the deed made by this interpleader to the plaintiff was approved by the county court of Muskogee county."

1. Under the first ground it is argued that while the case was treated as one at law by the court and parties, and without objection tried to a jury, yet it was in truth a suit in equity, and as such properly triable only by the court, for which reason this court should, upon review, consider the entire record, weigh the evidence, and cause to be rendered, or render here, the judgment which it is contended should have been for the interveners below.

Without determining whether under the issues presented by the pleadings interpleaders were entitled to insist upon a trial by the court below without the intervention of a jury, it seems sufficient to say that, since such contention was not made in that court, it is not available after the cause has reached this court upon appeal.

Speaking to this point, Mr. Chief Justice Kane, in Nowlin v. Melvin, 47 Okla. 57, 147 Pac. 307, stated:

"Upon the remaining assignment of error counsel for plaintiff in error contended that, this being a suit in equity, it was not a proper case for trial by jury, and the jury should not have been allowed to return a general verdict. From the record it appears that the parties treated the cause as one properly triable before a jury, and that counsel for plaintiff made no objection to this mode of trial until the case reached the Supreme Court. Assuming that counsel is right in his contention that this was not a proper case for trial by a jury, it is too late, after the case has reached the Supreme Court, to make this objection. Dayharsh v. Enos 5 N. Y. 531. The rule seems to be that whether a party to a suit formerly cognizable only in equity has a right to insist upon a trial by the court or not, after he has voluntarily accepted a trial by jury, he cannot afterward insist upon having the same facts passed upon by the court. The objection that a party had a jury trial to which he was not entitled cannot be raised for the first time on appeal. Danzier v. Metropolitan El. Ry. Co., 81 Hun. 5, 30 N. Y. Supp. 580; Leggett v. Leggett, 88 N. C. 108; Weigle v. Cascade Fire & Marine Ins. Co.. 12 Wash. 449, 41 Pac. 53."

2. "The action of a county court in this state in approving a deed conveying the interest of a full-blood Cherokee Indian to lands inherited by such Indian, required by section 9 of Act of Congress May 27, 1908, c. 199, 35 Stat. 312, is not judicial in its nature nor the exercise of any judicial function." Cochran v. Blanck, 53 Okla. 317, 156 Pac. 324.

Upon the warranty deed executed and delivered by interveners to plaintiff was indorsed: "App'd. as to Katie Walker, Jan'y. 15, 1913. Thos W. Leahy, Co. Judge," Katie Walker admitted signing a formal petition for the approval of said deed addressed to the county court of Muskogee county bearing an indorsement by which it appeared to have been filed and recorded in the office of the clerk of that court, and she and Edward E. Walker both testified to appearing in a proceeding had before the judge of that court and being interrogated by him relative to the approval of said deed, and stating that they desired its approval, and being informed by him of the effect of the court's approval thereof.

However, interpleaders neither demurred to the evidence nor moved for a directed verdict, and therefore the question of the sufficiency of the evidence to sustain the verdict and judgment is not properly presented, and may not be considered on appeal. Barnes v. Universal Tire Protector Co., 63 Okla. 292, 165 Pac. 176; Muskogee Electric Traction Co. v. Reed, 35 Okla. 334, 130 Pac. 157; Bank of Cherokee v. Sneary, 46 Okla. 186, 148 Pac. 157; Reed v. Scott, 50 Okla. 757, 151 Pac. 484; Oaks v. Samples, 57 Okla. 660, 157 Pac. 739.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.