## ORR et al. v. MURRAY et al.

No. 12071—Opinion Filed Oct. 2, 1923.

(Syllabus.)

**1. Alteration of Instruments—Unauthorized Act of Agent.**

An alteration of a written contract made by an agent of one of the parties thereto does not avoid the contract unless the agent had express or implied authority to make the alteration.

**2. Same—Materiality of Alteration.**

In order for an alteration to vitiate a written instrument, the alteration must be a material one.

**3. Oil and Gas—Construction of Lease.**

Evidence examined, and held to show the instrument, designated an oil and gas lease, was an absolute conveyance of the oil and gas rights for a period of 99 years, and so much longer as oil or gas are found in paying quantities.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by C. D. Orr and Annie Orr against Frank Murray and John Scott. Judgment for defendants, and plaintiffs bring error. Affirmed.

Bowling & Farmer, for plaintiffs in error.

Blanton, Osborn & Curtis, for defendants in error.

COCHRAN, J. On January 4, 1916, plaintiff in error, C. D. Orr, purchased 160 acres of land in Stephens county, Okla. Before the deed was executed, defendant in error Frank Murray purchased a one-half interest in the land and paid to Orr one-half of the initial payment. The title to the land was taken in Orr. Murray thereafter sold his interest in the land to Orr, receiving $115, which he had paid Orr, one mare, certain expense money, and the conveyance which is the subject of this controversy. The plaintiff in error filed this suit to cancel the oil and gas lease, alleging that it had been materially altered after its execution, in that the instrument as executed had provided for the payment of rentals and royalties, and that these provisions had been stricken from the instrument before it was recorded, and that this provision was added:

"This lease is a part of the consideration price of the above-described land when sale was made to lessee."

The defendant in error denied the allegations as to the alterations except as to the provision which it was alleged had been added, and, as to that, admitted that it had been added after the execution of the instrument and without the knowledge of Orr, but that it was inserted by one G. H. Hope, without the knowledge or direction of the said Murray, and that the addition amounted merely to a spoliation of the instrument, and in no manner impaired its terms. The defendants in error filed their cross-petition, asking for judgment quieting their title to the oil and gas rights arising by reason of the conveyance. The trial court found that the changes in the conveyance were made at the time of the execution of the instrument except the addition, which the court found "was made by a stranger to the instrument, and is a spoliation of the instrument, and same is not such a change as would justify the cancellation of said lease contract." The parties will hereinafter be referred to as plaintiffs and defendants as they appeared in the lower court.

The plaintiff contends that the addition to the contract amounted to a material alteration of the lease and invalidated the instrument. The undisputed evidence shows that this addition was made by one Hope and without the knowledge, direction, or authority of the defendant. The facts were that the defendant took the instrument to Hope's office for him to examine to see whether it was valid and it remained there about six months. Hope had ascertained that the conveyance was given as a part of the consideration of the purchase price of the land and inserted the provision in the conveyance, and, in his evidence, says:

"It was my idea to put it in there, so it would show the trade that was made; I don't remember whether I told him I would put it in there or not."

Plaintiff contends that, as Hope was the bailee of Murray, the rule stated in Elliott on Contracts, vol. 3, sec. 2005, applies:

"The alteration of a written contract is the intentional change by a party thereto, his agent or bailee, without the consent of the opposite party, of the meaning or language of the instrument in such a manner as to affect its legal operation and mislead or injure the nonconsenting other party."

This general rule has no application, however, when the act of the bailee in making the alteration was not within the apparent scope of his authority. In Shenkberg Co. v. Porter (Iowa) 114 N. W. 890, the court said:

"An alteration of a written contract made by an agent of one of the parties hereto does not avoid the contract unless the agent had express or implied authority to make the alteration."

A portion of the syllabus in Clyde S. S. Co. v. Whaley, 231 Fed. 76, is as follows:

"A material change in a written instrument avoids it against one party, only when it is made by the other party, or with his consent, and an alteration by a stranger, or by an agent without authority, is only a spoliation, not affecting the instrument's validity."

To the same effect are Edwards v. Thompson (Wash.) 169 Pac. 327; White Sewing Machine Co. v. Dakin (Mich.) 13 L. R. A. 313; Miller v. Stark (Pa.) 23 Atl. 1058; Gleason v. Hamilton (N. Y.) 34 N. E. 283, 21 L. R. A. 210; Deering Harvester Co. v. White (Tenn.) 72 S. W. 962; Commonwealth Nat. Bank of Dallas v. Baughman, 27 Okla. 125, 111 Pac. 332.

The change having been made by Hope without the knowledge or consent of Murray, and not within any authority granted by Murray, either express or implied, the act did not vitiate the contract of the parties. It attempted only to express consideration for the execution of the instrument. The true consideration could have been shown by parol testimony, and was so shown, and it is agreed that the statement which was inserted was true.

In First National Bank of Galva, Ill., v. Nordstrom (Kan.) 78 Pac. 804, it is said:

"It is not every alteration of a note that will defeat a recovery thereon. It must be such an alteration as will materially change the contract of the parties."

This holding was followed in Joplin-Erie Oil Co. v. Buckwalter (Kan.) 205 Pac. 343.

In Francen v. Oklahoma Star Oil Co., 80 Okla. 103, 194 Pac. 193, this court said:

"This state, in a long line of decisions, is committed to the doctrine that, in order for an alteration to vitiate a written instrument, the alteration must be a material one."

Plaintiff further contends that the judgment is against the weight of the evidence. From an examination of the evidence, it does not appear that the judgment is clearly against the weight of the evidence, and we decline to disturb the judgment for that reason.

It is next contended that the trial court erred in holding that the oil lease sought to be canceled was a valid conveyance to the defendants of all mineral rights in and to the lands covered by said oil lease for 99 years. The instrument under consideration, while designated a lease, is not such in reality, but is a conveyance of the right to explore for oil and gas for a period of 99 years or so much longer as oil and gas was to be found in paying quantities. It contains no provisions requiring rentals or royalties applicable to ordinary leases for oil and gas, the very purpose of which is the early development of the premises for oil and gas. Kroeger v. Martin, 75 Okla. 9, 180 Pac. 955. The plaintiff at the time the instrument was executed was the owner of the fee in the lands, and, as such, with respect to the oil and gas, had certain rights which this court in Rich v. Doneghey, 71 Oklahoma, 177 Pac. 86, stated to be:

"Exclusive right, subject to legislative control against waste, and the like, to erect structures on the surface of their land, and explore therefor by drilling wells through the underlying strata and to take therefrom and reduce to possession and thus acquire absolute title as personal property to such as might be found and obtained thereby. This right is the proper subject of sale, and may be granted or reserved."

The instrument executed conveyed to the defendant the right to the oil and gas privileges, that is, the right to explore for oil and gas on said lands by drilling wells through the underlying strata and to take therefrom. and reduce to possession, and thus acquire absolute title as personal property to such as might be found and obtained thereby, for a period of 99 years. The instrument does not attempt to convey the oil and gas in place, but does convey as great a right except as to duration as could be conveyed. As said in Rich v. Doneghey. supra:

"No more nor greater right, except perhaps as to duration, with respect to oil and gas, could be granted. Although there had been in terms a purported conveyance of all the oil and gas in the place, yet, by reason of the nature of these substances, no title thereto or estate therein would have vested, but only the right to search for and reduce to possession such as might be found; and when reduced to possession, not merely discovered, title thereto and an estate therein as corporeal property would vest. * * * Though denominated a lease, and in deference to custom will be so referred to herein, the instrument before us, strictly speaking, is not such. but is in effect a grant in praesenti of all the right to the oil and gas to be found in the lands described, with the right for a term of five years to enter and search therefor, and, if found, to produce and remove them, not only during said term, but also as long thereafter as either is produced and to occupy so much of the surface of the land as may be necessary for the purpose of exploration or production, or both."

In the instant case, the undisputed testimony is to the effect that the conveyance was executed as a part of the purchase price for the one-half interest which the defendant owned in the fee. It does not appear from the terms of the instrument or from the testimony that the instrument was executed for the purpose of exploring and operating for oil and gas, but it was executed as an absolute conveyance of all the oil and gas rights for a period of 99 years and so much longer as the oil and gas might be found in paying quantities. We think the conclusion of the trial court that: "The lease in controversy is a deed or conveyance for a term of 99 years of all mineral rights," is correct.

Judgment of the trial court is affirmed.

JOHNSON, C. J., and KENNAMER, NICHOLSON, BRANSON, and MASON, JJ., concur.