### SWARTZ v. BANK OF HAILEYVILLE.

No. 22427. Sept. 11, 1934.

Varner & Varner, for plaintiff in error.

A. H. Keil and Counts & Counts, for defendant in error.

McNEILL, J. This action involves the question of a change or alteration of a negotiable instrument. The Bank of Haileyville as plaintiff, defendant in error herein, instituted an action against H. H. Swartz, plaintiff in error, to recover on a promissory note.

Plaintiff alleged three counts, all based

upon the same cause of action. The first count contains allegations to the effect that on June 13, 1926, the defendant, H. H. Swartz, for a valuable consideration, executed and delivered to G. W. Barr his promissory negotiable note for $309.40, due six months after date; that thereafter said Barr, for a valuable consideration, indorsed and delivered said note to plaintiff; that on August 17, 1926, plaintiff notified defendant that it was the holder and owner of said note; that on March 13, 1927, defendant executed a promissory note for $332.60, due six months after date, in lieu of said note of $309.40 to plaintiff: that on February 14, 1928, defendant made a payment of $25 on said renewal note, which payment was applied as interest and extended the payment of said note to November 15, 1927. The plaintiff prayed judgment on said note for the amount of the balance due thereon.

In count 2, plaintiff, in addition to the allegations in count 1, concerning the execution and delivery of said original note to G. W. Barr, subsequently indorsed and delivered to plaintiff, and the notification to the defendant that the plaintiff was the owner and holder of said note, alleged that on March 13, 1927, said Barr, acting for and on behalf of plaintiff, went to the defendant and procured from him a renewal note in payment of said former note held by plaintiff. This renewal note was described as being dated March 13, 1927, for $302.60, due six months after date and payable to plaintiff. In this count plaintiff also alleged said Barr delivered said renewal note to plaintiff, and that the plaintiff thereupon delivered the original note executed by defendant on June 13, 1926, to said Barr for and on behalf of said defendant. In this count it was also alleged that defendant had denied the execution of said renewal note, and it was averred that, if the same was not in fact executed by the defendant, the original note for $309.40, dated June 13, 1926, was still unpaid; judgment was prayed for in the amount due on the original note less the payment of $25 made on February 14, 1928.

In the third cause of action, plaintiff, in addition to certain allegations contained in counts 1 and 2, concerning the execution and delivery of the note, subsequent indorsement, delivery, and notice that the plaintiff was the owner and holder of the note, alleged that on March 13, 1927, the said G. W. Barr, acting for and on behalf of the plaintiff, went to the defendant and procured from him a renewal note in payment of said former note which was held by plaintiff; that said renewal note was executed upon the printed form belonging to said G. W. Barr in which G. W. Barr was named as payee; that at the time of the execution of said renewal note, or immediately thereafter, the said G. W. Barr altered the same by striking out the words "G. W. Barr, Associate General Agent," and inserting therein the word "The Bank of Haileyville, Oklahoma"; that plaintiff did not know whether such alteration was made with or without the knowledge and consent of said defendant; that, at the time of the execution of said note, the defendant knew that the plaintiff was the owner and holder of said original note for $309.40, dated June 13, 1926, made payable to G. W. Barr and indorsed by him to the plaintiff; that at that time there was due to the plaintiff the sum of $332.60, and that, if said note was altered, it was done without the knowledge and consent of the plaintiff and accepted by plaintiff as genuine for a good and valuable consideration before maturity thereof; that plaintiff is the holder in due course; that, if said note was altered, after the execution thereof and without the knowledge and consent of defendant, then the defendant subsequently ratified the same by promising to pay the same, by subsequently paying the plaintiff the sum of $25 on February 14, 1928, and by thereafter requesting further extension of time for payment of said note. Plaintiff prayed judgment in the sum of $332.60 on this third cause of action with interest and attorney's fees.

Defendant filed an answer denying generally the allegations in each of the causes of action set forth in plaintiff's petition and admitted the execution of the note on June 13, 1926, to G. W. Barr. Defendant specifically denied that said note so executed was ever indorsed and delivered to or owned by the plaintiff.

The defendant has appealed to this court, and the question involves the change or alteration of the note dated March 13, 1927, wherein the words "G. W. Barr, Associate General Agent", were stricken from said note by drawing a line through said words and substituting in lieu thereof the words "The Bank of Haileyville, Oklahoma." The defendant sought to escape liability solely upon this defense, although, as shown by the record, this defense was not affirmatively pleaded in the answer of defendant.

It appears that the defendant, H. H. Swartz, executed his promissory note for $309.40 on July 13, 1926, payable six months after date, and that said note became the property of the Bank of Haileyville; that the defendant was advised by said bank of

its ownership of said note; that thereafter, on March 13, 1927, the same was renewed by defendant, and the original note was then returned to the defendant, who testified that he destroyed the same after it was delivered to him. The record also discloses that the defendant knew that the note belonged to plaintiff, and that at the time of the execution of the note dated March 13, 1927, in which occurs the change or alteration, the defendant executed said note and mailed the same to G. W. Barr for delivery to the Bank of Haileyville, and thereafter received and accepted from said Barr the note for which it was given as a renewal, and that the note which was returned to defendant by Barr was by defendant destroyed. It also appears that G. W. Barr, who handled this transaction, became mentally incapacitated and was in such condition at the time of the trial. When the note was presented to the Bank of Haileyville by the said Barr it was in the same condition that it was at the time of the trial, and the plaintiff points to the fact that if any change was made in the note it was made before the same was delivered to the plaintiff and without the bank's knowledge or consent. It is not disputed that this alleged altered note was presented to the defendant for collection, and that he thereafter went to the plaintiff and tried to obtain an extension of time for the payment of said note, which request was refused by the plaintiff.

The major contention of the defendant appears to center around the refusal of the trial court to give a requested instruction which was to the effect that, if the jury found from the evidence that the note in question was in payment of the note executed to G. W. Barr on June 13, 1926, and said note was then surrendered and delivered to the defendant and the note had been altered so as to render the same void as to the defendant, then the plaintiff could not recover.

In other words, the defendant urges that the original note of $309.40 was legally paid by the execution and delivery of the renewal note of $332.60, being the altered note in question, and that this renewal note was thereafter made void by the material alteration precluding a recovery on either of said notes.

It should be observed that the requested instruction made no reference to said note being materially altered by plaintiff, or that the same was intentionally and fraudulently changed prior to the time it was presented to the bank by G. W. Barr. The requested instruction would have placed upon the jury the duty of determining whether or not the note was void. This is a question of law for the court. No question appears to be presented refuting the fact that the bank was the holder of the note in due course.

Section 11423, O. S. 1931, relating to the alteration of the instrument, provides:

"Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration and subsequent indorsers. But when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor."

The law does not permit one who has designedly made a material alteration in the negotiable instrument to recover on the original consideration, but, if the alteration of the instrument is made without fraudulent intention and one of the parties, having knowledge of such change, consents thereto, such person shall be bound by the instrument. See R. C. L. vol. 1, sec. 36, p. 1005; sec. 68, p. 1033; Joplin-Erie Oil Co. v. Buckwaller (Kan.) 205 P. 343; Holyfields v. Harrington (Kan.) 115 P. 546.

Defendant denies the execution of the note in its present form. If the note was altered after it was executed by the defendant, it is apparent that the change, if any, was made in the note before it was presented to the bank by G. W. Barr, who was negotiating matters in connection with said note for said bank. The plaintiff offered testimony to the effect, which is undisputed, that no change was made in the note after it received the same. On the other hand, the defendant testified that the note had been changed after it had been executed by him. The alteration, if made under such circumstances, would amount to and operate as a mere spoliation, and would not void the contract between the holder in due course and the maker thereof unless the agent of the holder in due course had express or implied authority to make the alteration. See Graham et al. v. Sinderman, 238 Mich. 210, 213 N. W. 200, 51 A. L. R. 1229; Rochelle v. Anderson, 113 Okla. 137, 243 P. 528; Orr v. Murray, 95 Okla. 206, 219 P. 333.

In the case of Orr v. Murray, supra, this court quoted with approval from the case of Clyde S. S. Co. v. Whaley, 231 Fed. 76, as follows:

"A material change in a written instrument avoids it against one party, only when it is made by the other party, or with his

consent, and an alteration by a stranger, or by an agent without authority, is only a spoliation, not affecting the instrument's validity."

See, also, Campbell v. Vance, 118 Okla. 283, 248 P. 634.

There is no proof of any change or alteration of the note involved in this action being made by the plaintiff. The record indicates that the change or alteration was made by G. W. Barr and was without the authority, knowledge, or consent of the plaintiff; that the defendant ratified this change, if made, by acknowledging the indebtedness and requesting an extension of time for the payment of said note, and under the foregoing authorities the defendant cannot avoid payment of this indebtedness from which he received full value. We find no prejudicial error in the record.

Judgment affirmed.

RILEY, C. J., and SWINDALL, BAYLESS, and WELCH, JJ., concur.