**CLARK, Ex'x, v. ELLISON et al.**

No. 25895.   June 15, 1937.

Rehearing Denied Sept. 14, 1937.

Application for Leave to File Second Petition for Rehearing Denied Sept. 28, 1937.

T. L. Brown and Woodson E. Norvell, for plaintiff in error.

N. E. McNeill, Philip J. Kramer, and R. P. Colley, for defendants in error.

GIBSON, J.   This action was commenced in the district court of Tulsa county by plaintiff in error against the defendants in error to recover judgment on certain promissory notes and to foreclose real estate mortgage given to secure same; or, in the alternative, to establish and foreclose a vendor's lien upon the premises.

The parties are referred to herein as they appeared at the trial.

The facts as alleged by plaintiff are substantially as follows:

On August 24, 1925, plaintiff's testatrix, Luella Crum, received from one H. G. Stetson a deed conveying to her the premises here involved, which deed was placed of record December 29, 1928.   In the meantime, July 11, 1927, the said Stetson and one Russ L. Grant, acting as agents for the said Luella Crum, entered into a contract with defendants wherein defendants agreed to purchase said premises for the sum of $26,000, payable $4,000 cash, and by five annual notes of $2,000 each, and one note for $4,400, and by the assumption of $7,600 secured by first mortgage then held by the Federal Land Bank.   That said agents thereupon delivered a warranty deed to defendants covering said premises, and executed by the said H. G. Stetson under date of July 11, 1927.

Two or three days subsequent to the delivery of said deed to defendants, the notes and mortgage here sued upon were executed by them and delivered to said agents in payment of the purchase price of said land.

Defendants paid to said agents the first two of the said $2,000 notes, and payment was endorsed thereon and the notes returned to defendants, and thereafter defendants refused to make further payments, assigning as their reasons therefor that the deed of July 11, 1927, from Stetson to them was a forgery.

It is further alleged that thereupon Luella Crum in December, 1928, executed a warranty deed to defendants and delivered same to them; that said last-mentioned deed through inadvertence and mistake failed to except therefrom the first mortgage of the Federal Land Bank, and the

mortgage of Luella Crum here sued upon. It is further alleged that defendants have repudiated said last-mentioned deed, and that plaintiff is entitled to have the same canceled or to have it reformed so as to exclude from the operation thereof the mortgages above mentioned.

Plaintiff seeks in the alternative to establish and foreclose a vendor's lien upon the premises upon the theory that the notes were given in payment of the purchase price of the land.

Defendants sought to defeat recovery on the ground of material alteration of the notes and mortgage, alleging that the name of the payee and mortgagee, respectively, had been changed from that of H. G. Stetson to that of Luella Crum subsequent to the execution and delivery of said instruments and without defendants' knowledge or consent.

They plead further that the deed from Luella Crum to defendants and here sought to be reformed was a portion of a scheme on the part of Luella Crum and her agents, Stetson and Grant, to defraud the defendants; that the said Stetson had denied the validity of the deed from him to Luella Crum in the first instance; that by said scheme said parties had defrauded defendants of the sum of $9,100 and had caused them to pay out on the Federal Land Bank mortgage the sum of $4,240. They assert that plaintiff is not entitled to equitable relief until said sums are tendered back.

For reply plaintiff denied generally the allegations of fraud and denied the alterations as alleged and pleaded ratification on the part of defendants.

The issues of material alteration and ratification thereof were submitted to the jury under general instructions, and a verdict was returned for defendants.

Upon special interrogatories the jury found that the deed from Stetson to defendants under date of July 11, 1927, was not signed by Stetson and that he had never ratified the same; and found that the notes and mortgage were altered as alleged after their execution and delivery without consent of defendants and was done by Luella Crum or some one acting in her behalf.

Under agreement of the parties the cause of action relative to reformation or cancellation of the deed of December, 1928, and the cause for foreclosing vendor's lien were tried to the court without a jury.

The court gave plaintiff an opportunity to do equity by tendering to defendants the sum of $9,100, the amount paid to plaintiff or her agents by defendants. Upon plaintiff's refusal to make tender, the court found against her on her cause for reformation or cancellation of the deed of December, 1928. The court found also that plaintiff was not entitled to a vendor's lien upon the premises.

Judgment based upon the verdict of the jury and the findings of the court was then rendered in favor of defendants and against plaintiff on the several causes of action, and the mortgage was decreed null and void and was canceled and set aside. From that judgment plaintiff has appealed.

Plaintiff says the court erred in submitting any of the issues to the jury. It is argued that if the pleadings tender issues for equitable relief, the cause is not for the jury. Smith v. Williams, 78 Okla. 297, 190 P. 555; McAleer v. Dawson, 119 Okla. 273, 248 P. 615.

It is not shown that plaintiff objected to the submission of the cause to the jury, nor does it appear that the alleged error of the court in so doing was presented by motion for new trial. Plaintiff may not raise such question here for the first time. Nowlin v. Melvin (Noland v. Melvin) 47 Okla. 57, 147 P. 307. There it was held as follows:

"The objection that a party had a jury trial to which he was not entitled cannot be raised for the first time on appeal."

See, also, Walker v. Sager, 65 Okla. 305, 166 P. 714; Ozark States Trust Co. v. Winkler, 84 Okla. 7, 202 P. 12, 14.

However, the action on the notes and to foreclose mortgage was one for the recovery of money wherein a personal judgment was sought, and is one properly triable to a jury as provided in section 350, O. S. 1931. Collins v. Industrial Savings Society, 78 Okla. 319, 190 P. 670. See, also, Jones v. Benson, 158 Okla. 25, 12 P. (2d) 202.

Plaintiff next objects to certain alleged hearsay evidence in the form of testimony given by the defendant H. B. Ellison concerning a conversation between him and Stetson relative to Stetson's execution of the deed in 1925 to Luella Crum. This testimony indicates a denial on the part of Stetson of his execution of said deed.

This evidence had no bearing upon the issues submitted to the jury, either gen-

erally or by special interrogatories. If it had any bearing upon the case in any way, it concerned only the defendants' alleged right to treat the entire transaction between them and Luella Crum and her agents at an end and to demand return of the money paid out by defendants to them under the contract, and in this respect concerned defendants' alleged right to treat the deed of December, 1928, from Luella Crum to defendant Ellison as mere security for the repayment of said money. That was a matter which by agreement was tried to the court without a jury in the trial upon the causes of action for cancellation of said deed of December, 1928, and for foreclosure of vendor's lien.

While this evidence was produced before the jury, it is not shown wherein the same, if hearsay, prejudiced the minds of the jury in their deliberations upon the questions of material alteration and ratification thereof as placed before them for their decision in the cause upon the notes and mortgage. We have examined this testimony and are unable to determine wherein the plaintiff's cause may have suffered injury thereby. Plaintiff in such case should point out the injury, if any, for, as held in Smith v. Felkel, 91 Okla. 184, 217 P. 196:

"Where complaint is made of testimony introduced on part of one party, * * * it is not enough to call attention to the testimony, but the plaintiff in error must point out wherein his cause suffered injury thereby."

Plaintiff next complains that certain of defendants' witnesses were permitted to testify that their examination of the notes and mortgage revealed that the name of H. G. Stetson had been erased therefrom and the name of Luella Crum written therein. This, plaintiff says, constituted merely the opinion of the witnesses upon the ultimate fact in issue, and the admission thereof was error.

The foregoing was an ultimate fact for the jury's determination, and it appears that the witnesses were no more competent to determine the fact of erasure and substitution of names than were the jurors. As a general rule, except in cases where expert testimony is proper, a witness may not express his opinion on the ultimate fact in issue. C., R. I. & P. Ry. Co. v. Stibbs, 17 Okla. 97, 87 P. 293; Federal Oil & Gas Co. v. Campbell, 65 Okla. 49, 183 P. 894.

In the instant case, however, the defendants, without the foregoing testimony, established the fact that the names had been changed without contradiction on the part of the plaintiff. The evidence complained of was merely cumulative, and without it a verdict for defendants upon that issue alone would have been necessary. Although the admission thereof over plaintiff's objection may have been improper, under the circumstances the action of the court in so doing can amount to nothing more than harmless error.

Plaintiff's next assignment is that the court erred in approving the verdict of the jury upon the issues submitted to it.

Under this assignment plaintiff objects to the special interrogatories as being either outside the issues or that the answers of the jury thereto were against the weight of the evidence; and objection is also made that the general verdict is not supported by the evidence.

The answers to the special interrogatories, which we have heretofore set out, were not inconsistent with the general verdict rendered in the cause upon the notes and mortgage. These answers were merged into the general verdict so far as that cause was concerned, and judgment upon the verdict was not error unless the evidence was insufficient to sustain the same, and that question properly raised. It is true that the interrogatories concerning Stetson's execution of the deed of July 11, 1927, to defendants and his later ratification thereof were not within the issues of the cause of action on the notes and mortgage. These questions were material only on the question of defendants' right to rescind the whole contract by reason of the failure of their title, which question by agreement was tried to the court. Since plaintiff at the trial made objection neither to the interrogatories nor to the general instructions as given by the court, objection thereto will not now be considered. Harris v. Smith, 149 Okla. 277, 300 P. 392. There it was held that instructions are not subject to review on appeal in the absence of objection thereto and exceptions.

The question whether the verdict based upon the foregoing instructions was sustained by sufficient evidence is not here for review. Plaintiff neither demurred to defendants' evidence nor moved for directed verdict. In Kern v. Yantis, 120 Okla. 196, 250 P. 1005, the court held as follows:

"Where a demurrer is not interposed to the evidence, or a directed verdict requested, the insufficiency of the evidence to sustain

the verdict cannot be reviewed by this court."

The judgment based upon the verdict denying recovery on the notes, and decreeing cancellation of the mortgage must, therefore, be affirmed.

As we have stated, the cause wherein plaintiff seeks to establish and foreclose a vendor's lien was by agreement tried to the court without the intervention of a jury. By agreement of the parties all competent evidence introduced before the jury throughout the trial should be considered by the court in determining the issues tried to the court. On those issues the court found generally against the plaintiff. Plaintiff filed motion for new trial on all the issues thus tried, and as one ground therefor states that the judgment is against the clear weight of the evidence.

By her assignments of error plaintiff now seeks a review of the evidence and asks this court to reverse the judgment rendered in the cause on vendor's lien on the ground that said judgment is against the clear weight of the evidence.

Here we have an action wherein the plaintiff declares upon notes and mortgage and seeks foreclosure, and, in the alternative, she seeks to establish and foreclose a vendor's lien upon the land for the amount remaining due on the notes which she alleges were executed in payment of the purchase price of the land. She was permitted to go to trial on both causes of action, one to be tried to the court and jury, the other to the court alone.

Under the allegations of the petition plaintiff would ordinarily be entitled to a vendor's lien. Section 10961, O. S. 1931. She asserts that the weight of the evidence established her lien.

While the cause here considered was properly triable to a jury as one for the recovery of money (section 350, O. S. 1931), it is one of equitable cognizance (Stuart v. Westerheide, 144 Okla. 150, 289 P. 721). In such case, where jury is waived, as here, an assignment of error charging that the judgment is against the weight of the evidence brings the entire record here for a review of the evidence, and if the court, after such review, is convinced that the judgment is against the clear weight of the evidence, it will reverse such judgment and remand the cause with proper directions or will itself render such judgment as in its opinion should have been entered in the first instance. Serrato v. Hopkins, 113

Okla. 54, 238 P. 479; Taggart v. Snipes, 174 Okla. 449, 50 P. (2d) 640.

While it is asserted by defendants that the verdict of the jury is binding on the question of alteration of the written instruments, and that such alterations destroyed not only the instruments themselves but the debt represented thereby as well, we cannot agree, even if such statement is conceded to be correct, that the general verdict or the jury's answer to the special interrogatories in this case were binding either upon the trial court or upon this court. Although, so far as the cause of action upon the notes and mortgage is concerned, such verdict is entitled to the weight of any verdict regularly rendered in a case properly triable to a jury, the special interrogatories and general instructions as given in the instant case were nothing more than special interrogatories with reference to the cause tried to the court.

Here the trial judge called the jury for the purpose of trial of the cause for foreclosure of mortgage, and also called it for the purpose of advising him on questions of fact in a cause of purely equitable cognizance where jury had been waived by the parties. The latter cause was to establish and foreclose vendor's lien. In a cause of that nature, where jury is waived or where the parties are not as a matter of right entitled to a jury, the judge may submit special questions to a jury called for that purpose, and the court may adopt or reject the jury's conclusions. The rule was stated in Gamel v. Hynds, 69 Okla. 204, 171 P. 920, as follows:

"In cases of equitable cognizance, the judge may call a jury or consent to one for the purpose of advising him on questions of fact, and he may adopt or reject their conclusions."

The findings of the jury in such case are merely advisory (Vose v. U. S. Cities Corp., 152 Okla. 295, 7 P. (2d) 132); and this applies as well in cases of equitable cognizance where the parties are entitled to a jury as a matter of right (section 350, O. S. 1931) but waive the same. In fact, in a mortgage foreclosure suit the jury's answer to special interrogatories are merely advisory to the court. Harris v. V. S. Cook Lbr. Co., 152 Okla. 7, 3 P. (2d) 694. This rule will apply as well to an action to establish and foreclose vendor's lien.

The general verdict rendered against plaintiff in her cause for foreclosure of her mortgage did not preclude the court from

hearing the evidence in the action in the alternative to foreclose vendor's lien and to render judgment according to the weight of such evidence. Plaintiff was allowed to so maintain her action without objection, and she is entitled to trial and disposition thereof in the manner and form prescribed for cases of purely equitable character. It therefore becomes the duty of this court to review the evidence submitted pertaining to the cause on vendor's lien and to determine where the weight thereof lies.

Except in cases where a material alteration is designedly made by a party entitled to benefit under the instrument (section 9504, O. S. 1931; Swartz v. Bank, 169 Okla. 22, 35 P. (2d) 701), the effect of such alteration upon the original debt is a matter not fully settled in this state. West v. Naten, 49 Okla. 249, 152 P. 342.

We are not called upon, however, to determine that question in the instant case. While the evidence shows with little contradiction that the alterations were made in the notes and mortgages, it is shown convincingly that such alterations were later ratified by the defendants.

The notes and mortgage sued upon bore date of July 11, 1927. The evidence shows that between that date and October 2, 1927, two of the notes in their altered form were paid in full by defendants; that receipt for such payment was endorsed on the back of each note by Russ L. Grant for Luella Crum. After such receipt of payment the notes were delivered to defendants, and further payments were made on the remaining notes after that time.

Defendants testified that the above-mentioned notes were returned to them in an envelope and were placed in a table drawer and not examined before making further payment on the balance of the indebtedness.

Interest was paid up to July 11, 1928. In June of that year the defendant H. B. Ellison was taken to jail at Pawhuska by a special deputy United States Marshal, a Miss Adams, to serve a term for a minor offense. Miss Adams testified that Ellison requested her at that time to help him secure a parole so that he could be free to attend to his potato crop upon which he was depending to pay the mortgage on his farm which was held by Mrs. Crum. That portion of the foregoing conversation relating to Mrs. Crum's mortgage was denied by Ellison.

It appears that the defendants first complained of their title to the land in December, 1928; and they testified that they first became aware of the alleged alterations at that time.

Mrs. Grant, a daughter of Mrs. Crum, and the widow of the said Russ L. Grant, who died in December, 1927, testified that through the aid of the defendants Mrs. Crum borrowed the sum of $6,000 from one Lane acting through a Mr. McNeal, and that the notes and mortgage here in question were assigned to Lane as security; that the witness and the defendants met with McNeal the day following Grant's death, and that McNeal then had the notes and produced the same in the presence of the defendants and inquired as to whom he should pay the money, and thereupon the defendant H. B. Ellison advised him to make the check payable to Mrs. Crum. This McNeal promised to do, and did later give the check to Mrs. Crum. Witness further testified that the defendants knew of this loan and that the mortgage was being assigned as security.

Defendants admit being present at the above meeting, but denied seeing the notes or hearing the conversation relative thereto.

Witness further testified that at the instigation of defendants Mrs. Crum later paid off the loan from Lane and took a reassignment of the mortgage. Defendants deny having requested Mrs. Crum to get the mortgage back from Lane.

Mrs. Grant further testified that the defendant Mrs. Ellison called her on the telephone about the delinquent taxes on the land which under the contract of purchase the seller was to pay, and asked that Mrs. Crum pay same. Mrs. Ellison admitted calling Mrs. Grant concerning the delinquent taxes.

Mrs. Crum paid the taxes, and a receipt therefor, made out to Stetson, was delivered by Mrs. Grant or by Stetson, defendant did not recall which, to the defendant Mrs. Ellison.

The evidence is clear that the defendants after learning that the record title did not show to be in Luella Crum set about to perfect the title to the premises; that in the meantime Mrs. Crum recorded her deed from Stetson, and that on December 29, 1928, defendants procured a warranty deed from Mrs. Crum and recorded the same. Defendants now say they are only holding

this latter deed for security for the money paid out by them to Stetson, Grant, and Luella Crum. This theory was advanced at the trial, but the same is wholly unsound. There is no evidence that Mrs. Crum's title failed, and there is no evidence of a conspiracy to defraud defendants. There is some testimony given by defendant H. B. Ellison that Stetson questioned the deed he executed to Mrs. Crum, but there is no evidence that he was denying defendants' title as derived through Mrs. Crum; Stetson is shown to have made no move to deprive them of the land. In fact, the testimony of defendants shows that the acts of Stetson throughout the entire transaction ratify instead of deny the defendants' title.

After learning that Mrs. Crum held the notes and mortgage given for the purchase price of the land, the defendants perfected their title by taking a conveyance from her. This in itself constitutes recognition of the debt regardless of the alterations complained of.

The evidence shows that after Lane had assigned the mortgage back to Mrs. Crum and before her assignment was placed of record, the defendant Mrs. Ellison procured a release of the mortgage from Lane and recorded same. It is shown that the defendants were not innocent holders of this release for a valuable consideration; and the evidence is clear that defendants knew that Mrs. Crum at the time was the holder of the mortgage.

While the jury has found against plaintiff on the notes and mortgage and that verdict has become final for failure to properly present the same for review, we hold that the clear weight of the evidence shows facts constituting a waiver or ratification of the alleged alterations and consequently a recognition of the original debt, and that the judgment of the court in the cause on foreclosure of vendor's lien is clearly against the weight of such evidence. Where an alteration is made without fraudulent intent, an affected party who learns of such alteration and consents thereto is bound by the instrument. Swartz v. Bank, supra. There was no evidence of fraud in the present case.

Although the evidence may be sufficient to support the verdict of the jury in the cause on the notes and to foreclose mortgage, the judgment of the court in the cause upon the vendor's lien is clearly against the weight of the evidence, and requires a reversal.

It is asserted by defendants that the plaintiff did not plead ratification of the alleged alterations. This contention is without merit. The defendants themselves denied ratification, and plaintiff conducted her cause throughout upon the theory of ratification and the trial court so construed her pleadings, as was shown by its instructions to the jury, and defendant made no objection to the introduction of testimony upon that issue. Defendants may not now be heard to complain.

The judgment is reversed and the cause remanded, with directions to enter judgment in favor of plaintiff and against defendants for the sum found to be due upon the purchase price of the premises in question under the contract entered into between defendants and the agents of Luella Crum, together with interest thereon at the rate of 7 per cent. per annum as provided in said contract, and a reasonable attorney's fee to be fixed by the court; and to enter decree establishing a vendor's lien upon the premises in favor of the personal representatives of the said Luella Crum, and to order said lien foreclosed to satisfy said judgment for said indebtedness, interest thereon, attorney's fee, and costs.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, BUSBY, WELCH, PHELPS, and CORN, JJ., concur. HURST, J., disqualified and not participating.