IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

MIDDLE DISTRICT—HARRISBURG, 1873.

## Ernst and Godshalk *versus* Steckman.

1. A note was, " Twelve months after date (or before if made out of the sale of "—a machine—) " I promise to pay to J. F. Huston or bearer," &c. *Held* to be negotiable.

2. A note to be negotiable must be for the payment of money at a fixed period or on an event which must inevitably happen.

3. A note is not negotiable if its payment depends upon a contingency, although that may in fact happen.

4. A note may be negotiable if payable *certainly* at a fixed time, although subject to a contingency under which it may become due earlier.

5. Zimmerman *v.* Anderson, 17 P. F. Smith 421, approved.

May 5th 1873.    Before READ, C. J., AGNEW, SHARSWOOD and MERCUR, JJ.

Error to the Court of Common Pleas of *Lancaster county :* No. 45, to May Term 1873.

This was an action of assumpsit, in which the writ was issued June 18th 1870, by J. H. Steckman against J. G. Ernst and John C. Godshalk.

The action was founded on the following note, which was partly written and partly printed. The parts written are indicated by italic letters.

" $375.        *Paradise, Lancaster Co., Pa., June* 11, 1869.

*Twelve* months after date (or before, if made out of the sale of W. S. Coffman's Improved Broadcast Seeding Machine), I promise to pay to *J. S. Huston*, or bearer, at *The First National Bank*

(13)

of *Lancaster, Three Hundred and Seventy-five* Dollars, without defalcation, for value received, with interest.

J. GEORGE ERNST,
JOHN C. GODSHALK."

There was another similar note given at the same time, and for like amount, payable in six months.

The plaintiff was the holder of the note at the bringing of the suit.

The case was tried October 24th 1872, before Livingston, P. J.

The plaintiff gave the note in evidence, and rested.

Ernst, one of defendants, testified that a man wished to employ himself and Godshalk as agents to sell the machine. Upon witness hesitating, he said they should have no trouble; Mr. Huston lived in Boston, and would attend to all "them things," and would publish their agency in all the papers. He said, on his return to Massachusetts, where his employer lived, he would send a sample machine without cost. "We were to send for machines as we wanted them, and sell them for $16 each; $6 was to be our share. The $10 on each machine was to go on till the amount of $750 was sold. Then he would not look for anything more off us, and he would give us the patent right." He further testified that the man showed him a paper, which he said was authority for them to act as agents. He said the note they signed was an agreement to sell machines. There was one note for six months and one for twelve months. They were not to pay the note at all till it was made out of the machines. They never got any machines.

There was evidence that, on the 12th of June 1869, the defendants, by publication in newspapers in Lancaster county, warned the public against taking the note. There was evidence also that inquiry had been made in Boston, and no such man as J. S. Huston could be found. Also, by certificate from the Patent Office, that J. S. Huston had no interest in the patent.

The plaintiff testified in rebuttal that he had given value for the notes on the 19th of March 1870; that he had never seen any notice in the papers connected with the note in suit.

The plaintiff submitted this point, which was affirmed:—

"If the jury believe the note was received by plaintiff before its maturity, and that he paid value for it, and had no notice of the circumstances under which the note was obtained from the makers, your verdict must be for the plaintiff."

The defendants' point and its answer were:—

The paper upon which this suit is brought not being negotiable or commercial paper, the plaintiff cannot maintain this suit in his own name, and the verdict must be for the defendants.

Answer: "The note upon which this suit was brought is a negotiable note, and the plaintiff in this suit can maintain a suit upon it in his own name."

[*Ernst v. Steckman.*]

The court also charged that there was no proof that the plaintiff had actual notice of fraud in making the note, or of the putting it into circulation, and that therefore he had a right to recover.

The verdict was for the plaintiff for $450.

The defendants took a writ of error. They assigned for error the answers to their points and the instruction of the court.

*G. Nauman* and *H. M. North* (with whom were *R. W. Shenk* and *N. Ellmaker*), for plaintiff in error.—The contingency as to the source of payment mentioned in the note destroyed its negotiability: Overton *v.* Tyler, 3 Barr 346. So the contingency as to the time of payment: Alexander *v.* Thomas, 16 Ad. & E. 333.

*S. R. Reynolds,* for defendant in error.—The promise to pay in twelve months is positive and unconditional, and is unaffected by the contingency on which it was to be paid sooner: Stevens *v.* Blunt, 7 Mass. 240; Carter *v.* Buck, 7 Metc. 588; Jordan *v.* Tate, 19 Ohio 586; Carlon *v.* Kenealy, 12 M. & W. 139; Hodges *v.* Shuler, 22 N. Y. 114; Zimmerman *v.* Anderson, 17 P. F. Smith 421; Osborn *v.* Hourly, 19 Ohio 130; Sperry *v.* Horr, 32 Iowa 134.

The opinion of the court was delivered, July 2d 1873, by

MERCUR, J.—This case hinges upon whether the instrument is a negotiable promissory note. It contains language sufficient to make it one. That language is a promise to pay twelve months after date, to the payee named, or bearer, a specific sum of money, for value received. It is contended, however, that it contains too much; that the addition of " or before, if made out of the sale of W. S. Coffman's Improved Broadcast Seeding Machine," changes its character and destroys its negotiability. The addition of some words beyond what are necessary to constitute a negotiable promissory note, does not destroy its character as such. Thus it was held in Zimmerman *v.* Anderson, 17 P. F. Smith 421, that the addition of " waiving the right of appeal, and all valuation, appraisement, stay and exemption laws," did not destroy its negotiability.

It is urged that the character of this instrument is changed by the fact that in the contingency of the sum being sooner realized from the sale of the machinery, it might become payable within the year.

The general rule, to be extracted from the authorities, undoubtedly requires that, to constitute a valid promissory note, it must be for the payment of money at some fixed period of time, or upon some event which must inevitably happen; that it is not such a note if it purports to make the note depend upon a contingency or uncertainty. Nor is it sufficient that the contingency does in fact

[Ernst *v.* Steckman.]

happen afterwards, upon which the payment is to become absolute. Its character as a promissory note cannot depend upon future events, but solely upon its character when created : Story on Prom. Notes, § 22. Yet it is an equally well-settled rule of commercial law that it may be made payable at sight, or at a fixed period after sight, or at a fixed period after notice, or on request, or on demand, without destroying its negotiable character. The reason for this, said Lord Tenterden, in .Clayton *v.* Gosling, 5 B. & C. 360, is that it "was made payable at a time which we must suppose would arrive."

In Jordan *v.* Tate, 19 Ohio 586, it was ruled that the negotiable character of a promissory note is not affected by the fact that it is made payable by its terms on or before a future day therein named. Though the maker has the right to pay such note at any time after its date, yet, for all purposes of negotiation, it is to be regarded as a note payable solely on the day therein named.

No case has been cited in which this court has distinctly ruled upon such a form of note, yet we think this decision is in accord with the general sentiment of the legal mind of our state.

Cota.

In Carter *v.* Buck, 7 Metc. 588, in addition to language sufficient to give it negotiability, the note proceeded, " it being for property purchased of him in value at this date, as being payable as soon as can be realized of the above amount for the said property, I have this day purchased of said Pero (the payee), which is to be paid in the course of the season now coming." The instrument was held to be a negotiable note. In giving the opinion of the court, Shaw, C. J., said, " we think the meaning was this, that the signer for value received in the purchase of property, promised to pay Pero, or bearer, the sum named as soon as the termination of the coming season, and sooner, if the amount could be sooner realized out of the fund. Such reference to the sale of the property was not to fix the fund from which it was to be paid, but the time of payment. The undertaking to pay was absolute, and did not depend on the fund. So as to the time, whatever time may be understood as the ' coming season ;' whether harvest time or the end of the year, it must come by mere lapse of time, and that must be the ultimate limit of the time of payment."

Carlon *v.* Kenealy, 12 M. & W. (Exch.) 139, was an action brought by an endorsee against the maker. The note was payable by instalments, subject to a condition that on default being made in payment of the first instalment, the whole amount should become immediately payable. The declaration averred that the payee endorsed the note to plaintiff; that the defendant made default in payment of the first instalment, and that he had not paid the amount of the note. Upon special demurrer, on the ground that the note was not made according to the custom of merchants, and consequently that the right of action thereon could

[Ernst v. Steckman.]

not pass by endorsement; and on joinder in demurrer the court held the instrument to be a negotiable promissory note, and that on default being made by the maker in payment of the first instalment, the endorser was liable for the whole amount. Lord Abinger, C. B., said, "I think there is no ground for saying the defendant is not liable." Parke, B., said, "Now, to hold that actions could not be maintained upon such notes as this would be to impugn all the established practice. Almost every note payable by instalments has such a condition. It is not a contingency; it depends on the act of the maker himself, and on his default it becomes a promissory note for the whole amount."

To these authorities is interposed the dictum of Lord Campbell, C. J., in Alexander v. Thomas, 71 E. C. L. R. 333; the language of the note, however, in that case failed to declare clearly that the contingency must necessarily precede the ninety days named for the payment. It was "payable ninety days after sight, or when realized." So it was at least open to question whether, "when realized," might not mark the doing of an act beyond the ninety days. If so, it was such a contingency as to its absolute payment as clearly to destroy the negotiable character of the instrument.

The principle to be deduced from the authorities is this. To constitute a negotiable promissory note, the time, or the event, for its ultimate payment, must be fixed and certain; yet it may be made subject to contingencies, upon the happening of which, prior to the time of its absolute payment, it shall become due. The contingency depends upon some act done or omitted to be done by the maker, or upon the occurrence of some event indicated in the note; and not upon any act of the payee or holder, whereby the note may become due at an earlier day. Hence it is not in conflict with the decision of this court, which declared that if the instrument contained a power under which the payee might enter judgment upon it, its negotiable character was thereby destroyed. We think the learned judge was correct in holding this note to be negotiable. None of the other errors assigned were urged.

Judgment affirmed.