WEST POINT BANKING CO. *v.* R. W. GAUNT *et al.**

CITIZENS' BANK & TRUST CO. *v.* SAME.

R. W. GAUNT *v.* CITIZENS' BANK & TRUST CO. *et al.*

(*Nashville.*   December Term, 1923.)

**BILLS AND NOTES.**  Notes made due and payable on maker's failure to deposit additional security on demand held negotiable.

Notes made due and payable, on maker's failure to deposit additional security on demand if that pledged became unsatisfactory or less valuable *held* negotiable.

Cases cited and approved:  Kennedy v. Broderick, 216 Fed., 137; Des Moines Savings Bank v. Arthur, 163 Iowa, 205; Mechanic Nat. Bank v. Warner, 145 La., 1022; Empire Nat. Bank v. High Grade Oil Refining Co., 260 Pa., 255.

Cases cited and distinguished:  Bank v. Russell, 124 Tenn., 618; White v. Hatcher, 135 Tenn., 609; Holliday State Bank v. Hoffman, 85 Kan., 71; Finley v. Smith; 165 Ky., 445; Ernst v. Steckman, 74 Pa., 13.

Laws cited and construed:  Laws 1899, ch. 94.

---

*Headnote 1.  8 C. J., Bills and Notes, section 221.

---

FROM LINCOLN

---

Appeal from the Chancery Court of Lincoln County — HON. THOS. B. LYTLE, Chancellor.

---

*On failure to furnish additional security as affecting negotiability of note, see notes in 35 L. R. A. (N. S.), 392;  L. R. A., 1915B, 473.

GILES L. EVANS, for appellants.

ROUTT, MYERS & CRAWFORD, J. C. HIGGINS, LAMB & LAMB and W. B. MARR, for appellee.

MR. JUSTICE HALL delivered the opinion of the Court.

Two original bills were filed in the chancery court of Lincoln county April 11, 1917, the West Point Banking Company, a Tennessee bank of West Point, Tenn., being complainant in one, and the Citizens' Bank & Trust Company, a Tennessee bank of Murfreesboro, Tenn., in the other, against R. W. Gaunt, of Lincoln county, and C. N. Bryan, of Davidson county, in each of which judgment was sought against said Gaunt and Bryan for the principal and interest and reasonable attorneys' fees on a note dated at Nashville, Tenn., March 1, 1916, due one year after date, with interest from date, signed by defendant Gaunt, payable to the order of defendant Bryan, for $2,500, and indorsed "Demand notice and protest waived. Claiborne N. Bryan"—copies of the two notes, which are identical, being filed as Exhibits A to the respective bills, and each of said notes showing on its face that there was attached to it as collateral security 40 shares of preferred stock of the First Amortization Mortgage & Bond Company of America.

The two original bills are identical in all respects except as to parties complainant, each averring that said collateral was worthless, and the right of complainant to sue on said note being stated in each bill as follows:

"Which note the complainant is the lawful holder of, and it became such prior to maturity."

Each of the two notes is in words and figures as follows: "$2,500.00.   Nashville, Tenn., March 1, 1916.

"One (1) year after date, I promise to pay to the order of Claiborne N. Bryan, two thousand five hundred & no/100 dollars, without defalcation, for value received; and do hereby pledge with the holder hereof as collateral security forty (40) shares of preferred stock in the First Amortization Mortgage & Bond Co. of America—with interest from date—and do agree on demand to deposit with said holders such additional security as they may from time to time require, should the security hereby pledged become unsatisfactory or less valuable, and in default thereof this note shall instantly become due and payable (less a rebate of interest for any unexpired time on the same) as though it had matured by limitation of time, and upon default of payment at maturity, whether such maturity occurs by expiration of time or default in depositing additional security as above agreed, do hereby authorize and empower the holder or holders hereof for the purpose of liquidation of this note, and of all interests and costs thereon, including a reasonable attorney's fee, to sell, transfer, and deliver the whole or any part of such security, or additions thereto, or substitutes therefor, without any further demand, advertisement or notice either at broker's board or public or private sale, at the option of the holder hereof, at any time or times thereafter, with the right on the part of such holders to become the purchaser and absolute owner thereof free of all trusts and claims. And it is further agreed that the securities hereby pledged, together with any that may be pledged hereafter, shall be applicable in like manner to secure the payment of any past or of any future obligations of the undersigned held

by the holders of this obligation and all such securities in their hands shall stand as one general continuing collateral security for the whole of said obligations, so that the deficiency of any one shall be made good from the collaterals for the rest, hereby remaining responsible for any deficiency in payment, and waiving any benefit, exemption, or privilege under any law now or hereafter to be in force.

"[Signed] R. W. Gaunt,

"Fayetteville, Tenn."

The defendant Gaunt, the maker, admits the execution of said notes, but set up the defense of failure of consideration and denied that the notes were negotiable.

The causes were consolidated by order of the chancellor, and on the hearing there was a decree for complainants and against the maker, Gaunt, on said notes, the chancellor finding that said notes were transferred to complainants before maturity and that complainants were innocent holders thereof, and construing the notes to be negotiable instruments. From this decree defendant Gaunt appealed to this court and has assigned the action of the chancellor for error.

It is urged that the chancellor should have held that said notes were nonnegotiable, on account of the agreement contained in them that, in the event the maker should fail or refuse to deposit with the holder thereof such additional security as the holder might from time to time require, should the security pledged become unsatisfactory or less valuable, and in default thereof, said note should become due and payable.

To support this contention the cases of *Bank* v. *Russell*, 124 Tenn., 618, 139 S. W., 734, Ann. Cas. 1913A, 203; *White* v. *Hatcher*, 135 Tenn., 609, 188 S. W., 61, and

*Holliday State Bank* v. *Hoffman,* 85 Kan., 71, 116 Pac. 239, 35 L. R. A. (N. S.), 390, Ann. Cas., 1912D, 1, are relied on.

In *Bank* v. *Russell,* supra, each of the two notes contained the following provision:

"And to secure the payment of said amount, I hereby authorize irrevocably any attorney, of any court of record, to appear for me in such court, in term time or vacation, at any time hereafter, and confess a judgment without process, in favor of the holder of this note, for such amount as may appear to be unpaid thereon, . . . and consent to immediate execution upon said judgment. . . ."

This court, in passing upon the negotiability of the notes, said:

"In order to render any instrument negotiable under the law merchant and under the act, it must be payable at a determinable future time. That is, at a fixed period after date or sight; on or before a fixed or determinable future time expressed therein; or on or at a fixed period after the occurrence of a specified event which is certain to happen, though the time of happening be uncertain.

"These notes, while they purport to be due and payable on fixed dates after the date of execution, to-wit, June 15, 1910, and October 15, 1910, still, by reason of the warrant of attorney given to the holder to confess judgment upon them and issue execution thereon, at any time hereafter, are really due and payable from their execution. Collection and payment of the notes could have been enforced . . . on any other day after they were executed and delivered to Dorsey, under their express terms. . . .

"A note upon which judgment can be obtained, and execution immediately issued thereupon at any time after

West Point Banking Co. v. Gaunt.

detail, we are satisfied that there is no material distinction.

In *Ernst* v. *Steckman,* 74 Pa., 13, 15 Am. Rep., 542, a note payable "twelve months after date" (or before, if made out of the sale of W. S. Coffman's Improved Broadcast Seeding Machine), was held to be negotiable. In concluding the opinion the court there said:

"The principle to be deduced from the authorities is this. To constitute a negotiable promissory note, the time, or the event, for its ultimate payment, must be fixed and certain; yet it may be made subject to contingencies, upon the happening of which, prior to the time of its absolute payment, it shall become due. The contingency depends upon some act done or omitted to be done by the maker, or upon the occurrence of some event indicated in the note; and not upon any act of the payee or holder, whereby the note may become due at an earlier day."

The acceleration of the date of maturity of the notes involved in the instant cause did not depend wholly upon the whim or caprice of the holder, but depended upon the omission or failure of the maker to furnish additional security when demanded. Therefore it cannot be held that the notes were nonnegotiable. We think they are negotiable instruments under the better reasoned cases and according to the best authority.

There were other questions presented upon the appeal, but these questions have been disposed of in a memorandum opinion (not for publication), and need not to be stated and discussed here.