## HARRISON v. FUGATT et al.

No. 25823. March 9, 1937.

Foulke & Wasson and McKeever, Stewart & McKeever, for plaintiff in error.

Simons, McKnight, Simons, Mitchell & McKnight, for defendants in error.

GIBSON, J. This action was commenced in the district court of Garfield county by Lu'a May Harrison against W. D. Fugatt to recover upon a promissory note executed by Fugatt, and to foreclose the lien upon certain stock in the Federal Petroleum Company given by Fugatt as collateral security for said note. The petroleum company was brought into the action merely for purposes concerning certain alleged dividends accrued on said stock.

The parties are referred to herein as they appeared at the trial.

The alleged facts as disclosed by the pleadings and relied upon by plaintiff as a basis for recovery are substantially as follows:

The note sued upon was executed by defendant Fugatt to W. B. Harrison, plaintiff's husband, as payee and delivered to Harrison for the purpose of being used as he saw fit in retiring certain note obligations of Fugatt owed to the Union National Bank of Wichita, of which bank Harrison was president. Harrison, at all times acting as agent for Fugatt, changed the face of the note by placing the title form "Mrs." therein immediately preceding the name of the payee W. B. Harrison, and by inserting "Lula May Harrison" immediately following the name of the original payee, and by changing the interest rate from 10 per cent. to 8 per cent. These alterations occurred prior to the time plaintiff became the owner of the note, and without her knowledge and consent. The note, so altered, was delivered by Harrison to the p'aintiff in exchange for her own note executed to the bank for the purpose of retiring Fugatt's notes then held by the bank, all of which was pursuant to the bank's agreement to accept plaintiff's note in payment of the Fugatt notes then past due. The notes so held by the bank were thereupon, at plaintiff's request, mailed to Fugatt.

Plaintiff seeks to recover upon the note as altered, and, in addition thereto, pleads a novation. She seeks also a reformation of the note in certain particulars not material on this appeal.

Defendant admits the execution of the note to W. B. Harrison, denies the agency

relationship and pleads the alterations of the note, and charges bad faith in the transfer to plaintiff and seeks to avoid the note. He also seeks recovery of the collateral.

W. B. Harrison was called as a witness for plaintiff, over defendant's objection, and testified to the facts as alleged in the petition. He stated that throughout the entire transaction he acted as agent for the plaintiff.

The plaintiff, however, testified that she had not talked with her husband, W. B. Harrison, regarding the transaction until about one day before she executed her note in payment of the Fugatt notes held by the bank. In view of that fact Harrison could not have been her agent prior to the time she determined to execute her own note.

There is no evidence that defendant knew of the alterations in the note. There is evidence that he made payments thereon direct to Harrison after the note was altered, but there is no evidence that he knew plaintiff was then the owner of the note.

The trial court sustained a demurrer to the evidence and plaintiff has appealed.

By reason of the testimony of plaintiff, her husband could not have been her agent prior to the time she determined to execute her own note to the bank in payment of Fugatt's notes. In view of the provisions of section 272, O. S. 1931, the trial court should not have received Harrison's testimony concerning his transactions had with defendant prior to the time he became agent for his wife. Under the foregoing section a husband or wife is incompetent to testify for or against each other except concerning transactions in which one acted as agent for the other or unless they are joint parties and have a joint interest in the action. The trial court, no doubt, considered these provisions when passing upon the demurrer. However, this court in reviewing the ruling of the trial court sustaining the demurrer to the evidence will not consider that portion of the evidence improperly admitted. Nance v. Oklahoma Fire Ins. Co., 31 Okla. 208, 120 P. 948.

Plaintiff argues that the evidence shows her to be the holder of the note in due course, and that under the provisions of section 11423, O. S. 1931, she should be entitled to recover upon the note according to its original tenor notwithstanding the material changes therein were without defendant's knowledge. That section reads as follows:

"Where a negotiable instrument is ma-

terially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration and subsequent indorsers. But when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor."

In this connection plaintiff relies upon the decision in Swartz v. Bank of Haileyville, 169 Okla. 22, 35 P. (2d) 701. In that case the defendant owed plaintiff bank a note which had been endorsed to the bank by one Barr. The bank sent Barr as its agent to defendant to procure a new note in payment of original one. The last note was executed by defendant to Barr as payee, and Barr, without the knowledge of either party, substituted the bank's name for his own as payee. The court held the alteration a mere spoliation and allowed the bank to recover.

In that case the note was negotiable, and the court held that the bank was the owner and holder thereof in due course, and that the change having been made by Barr as agent of the bank, but without the bank's knowledge, made the alteration a mere spoliation. The effect of the decision was to permit the bank to recover according to the original tenor of the note as provided in section 11423, supra.

The note sued upon in the present case was a nonnegotiable instrument. Said note contained a provision to the effect that if the holder of the note at any time deemed himself insecure he was privileged to apply other funds to the payment thereof if such funds should be available. In the case of Oklahoma State Bank v. First National Bank of Grandfield, 108 Okla. 272, 236 P. 581, it was held that a note containing a similar provision was not a negotiable instrument.

Therefore the plaintiff, Mrs. Harrison, and the defendant Fugatt occupied the same relationship to each other concerning the note as did Mr. Harrison, the original payee, and the defendant Fugatt. The plaintiff here was not a holder in due course within the meaning of the Negotiable Instruments Law, and any defense that defendant may have had against a suit by Harrison was good as against the plaintiff.

As a defense Fugatt has pleaded a material alteration of the note. Such a defense is authorized under the provisions of section 9504, O. S. 1931, which reads as follows:

"The intentional destruction, 'cancella-

tion, or material alteration of a written contract, by a party entitled to any benefit under it, or with his consent, extinguishes all the executory obligations of the contract in his favor, against parties who do not consent to the act."

The executory obligation against Fugatt was the payment of the amount which the contract sued upon obligated him to pay.

We held in Orr v. Murray, 95 Okla. 206, 219 P. 333, that "in order for an alteration to vitiate a written instrument, the alteration must be a material one." We held in Commonwealth Nat. Bank v. Baughman, 27 Okla. 175, 111 P. 332:

"Whether an alteration of a note is material does not depend upon whether it increases or reduces the maker's liability, but upon whether the instrument after alteration expresses the same contract, and, if the change enlarges or lessens the liability, it is material."

We also held in that case as follows:

"An alteration in a note so as to make it bear 8 per cent. interest which, before the alteration bore 10 per cent. interest, is a material alteration."

This holding applies alike to negotiable and nonnegotiable instruments.

The change in the name of the payee and the change in the interest rate constituted material alterations made by the payee in the instant case and, so far as the evidence shows, without the consent of the maker of the note, and operated to vitiate the same in the hands of the original payee or his endorsees, as against the maker. Commonwealth Nat. Bank v. Baughman, supra. We held there in this regard as follows:

"A material alteration of a note by the payee without the consent of the maker avoids it against the maker, even in the hands of a bona fide holder without notice of such alteration."

Since the facts arose in that case, section 11423, supra, was enacted and the bona fide holder of a negotiable instrument may now recover according to the original tenor thereof. But the rule still applies in cases of nonnegotiable instruments.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, CORN, and HURST, JJ., concur. RILEY, WELCH, and PHELPS, JJ., absent.