## AMERICAN FINANCE CORPORATION v. BOURNE.

No. 30352. Feb. 10, 1942.

Rehearing Denied March 24, 1942.

*123 P. 2d 671.*

Philip Sureck, of Oklahoma City, for plaintiff in error.

John Barry, of Oklahoma City, for defendant in error.

BAYLESS, J. American Finance Corporation, a corporation, instituted suit in the district court of Woodward county against R. F. Bourne, and appeals from the judgment rendered in favor of Bourne.

Plaintiff's petition alleges that Bourne executed and delivered his promissory note, for a good and valuable consideration, to the Flag Company, and before maturity, for a good and valuable consideration, the payee negotiated the note to plaintiff, who was an innocent purchaser, and is now the owner and holder thereof. It is alleged that certain stocks were pledged, that default in payment at maturity was made, that the collateral was sold and the proceeds applied. Judgment was sought for the balance due.

Defendant's amended answer concedes the execution and delivery of the note and the pledging of the collateral, but denies the plaintiff is a bona fide holder, and sets up certain defenses. Plaintiff's reply controverts the defenses set out in the answer.

The sole issue presented to us relates to the negotiability of the note. The parties have so stipulated.

Defendant contends the note is made nonnegotiable by the inclusion therein of certain provisions relating to the collateral and acceleration of the due date. We quote the provisions:

"If the maker or any one of the makers hereof shall fail to furnish additional security upon the demand of said company, said company is authorized to declare all indebtedness owed to it by the maker or makers hereof immediately due and payable without giving notice of said declaration."

The brief of plaintiff is useful as a disclosure of the history of the case, but the argument therein directed to the effect of a quoted portion of the note on its negotiability is beside the point, for defendant disclaims in his brief any reliance on that particular language and insists that other language destroys its negotiability. We direct our attention to the issues set out in defendant's brief, the answer thereto in plaintiff's reply brief, and the supplemental briefs of the parties.

Defendant calls attention to section 11300, O. S. 1931, 48 O.S.A. § 21, setting out the requirements of a negotiable instrument, and directs attention particularly to provision 3 thereof, reading (an instrument to be negotiable):

"3. Must be payable on demand, or at a fixed or determinable future time," and argues three propositions that properly touch that point.

Defendant also calls attention to certain language relative to the use and replacement of the collateral by the holder of the note, and insists this language affects the negotiability of the note under section 11304, O. S. 1931, 48 O.S.A. § 25, as being "an order or promise to do any act in addition to the payment of money."

Defendant contends that the language of this note is equivalent to the language of the note declared nonnegotiable in Harrison v. Fugatt, 179 Okla. 367, 65 P. 2d 1200, because it authorizes holder to accelerate the due date simply by declaring he "deemed himself insecure"; and to the language condemned in Sommers v. Goulden, 147 Okla. 51, 294 P. 175, 72 A.L.R. 265, as authorizing the holder to demand additional collateral without any condition or limitation as to amount other than the caprice of the holder; and to the language in the note declared nonnegotiable in Jennings v. Securities Inv. Co., 151 Okla. 32, 1 P. 2d 687, because it authorized the holder to declare all indebtedness due, and to sell the collateral, without notice or making demand for performance.

Plaintiff takes issue with defendant as to the analogy between this case and those, and argues further that the language of the note before us carefully avoids placing in the holder the power to capriciously accelerate the due date of the note, thereby rendering its time of payment uncertain by dependency upon nothing more certain than the holder's whim.

The parties seem in accord in recognizing that a note containing language providing for the power of acceleration of the due date upon the caprice or whim of the holder is thereby rendered nonnegotiable. 7 Am. Jur. 878, ch. II, subdivision E (4), and annotation at 72 A.L.R. 268.

The case containing language raising an issue nearest applicable to this language of this note is Sommers v. Golden, supra. There the note provided:

"In case of depreciation in the market value of any security pledged for this obligation, the maker agrees to deposit on demand additional collateral so that the market value shall always be at least 20% more than the amount of this note, . . ."

—the due date might be accelerated for the failure of the maker to comply. In the note before us acceleration is permitted if the makers "shall fail to furnish additional security upon demand."

In the Sommers Case we held the note was not rendered nonnegotiable by the language quoted, because there was thereby set up a test by which the holder's right to demand could be judged, the depreciation in market value, and a standard by which the amount of additional security demandable could be judged, a market value of 20 per cent more than the amount of the note. No caprice or whim could prevail when thus judged. We said: "This does not leave the payee or holder of the note an option to declare the note due at any time as in his judgment might seem best," thereby inferring that the unrestrained power to declare maturity had the opposite effect. See West Point Co. v. Gaunt, 150 Tenn. 74, 262 S. W. 38, 34 A.L.R. 862.

In the case of Harrison v. Fugatt, supra, the language of the note authorized acceleration merely on a feeling of insecurity. That is almost the test here included, except that in this note the holder was not even required to declare the nebulous state of deeming himself insecure. We cited Oklahoma State Bank v. First National Bank, 108 Okla. 272, 236 P. 581, wherein we said concerning a similar note:

"For reversal, it is first contended that the trial court erred in instructing the jury that said note was nonnegotiable. The first part of the instrument

sued on contains all the elements of a negotiable note. . . . Certain recitals are contained in the face of the note whereby it was to become due upon the performance or nonperformance of certain acts by the maker thereof. . . . The trial court took the view, and it is the contention of the defendants in error, that this clause in the note is contrary to the third provision of section 7671, Comp. Stat. 1921 (§11300, O. S. 1931, 48 O.S.A. § 21) which is a part of the Uniform Negotiable Instruments Act, and that therefore said note was nonnegotiable. . . . The question, therefore, for our determination is: What is the effect on negotiability where the payee is given an option to declare a note due before maturity, independent of any default on the part of the maker? . . . The . . . rule is announced in the following cases: . . . Nickell v. Bradshaw, 94 Ore. 580, 183 P. 12, 11 A.L.R. 623. . . . Paragraph 6 of the syllabus provides: 'A note payable on a definite day is not rendered nonnegotiable by a conditional promise to pay on an earlier day, unless the earlier day is completely dependent on the caprice of the holder.' No cases are cited and we have been unable to find any that hold to the contrary, and for that reason we conclude that the trial court properly held the note under consideration to be nonnegotiable. Therefore, although the plaintiff bank was a bona fide purchaser before maturity, the note was subject to every defense which could have been interposed against it in the hands of the original payee."

We think the note in the record before us, containing the language it does, is governed by these holdings.

The argument made in support of the other issue serves to illustrate the characteristics of the note before us that serve to transform it from a negotiable promissory note into another type of written contract. The language of the note authorizes the payee or the holder of the note to use the collateral hypothecated in its own business, and to part with the possession or control thereof, being only obliged at the taking up of this note to replace the collateral with "a like amount of similar security." Of course, the power of the payee or other holder to hypothecate, in connection with their business, the collateral hypothecated by defendant offers the occasion for the separation of possession and control of the note and the collateral and, of course, must comprehend the possibility of the entire loss of this collateral in the subsequent hypothecation. It must be noticed, too, that after the payee or a holder has rehypothecated the collateral, the note could be indorsed to some other holder, and according to the terms of the note it would be permissible for the subsequent holder to demand the hypothecation of additional collateral with him for the security of the note held by him, which had theretofore been stripped of the security of the previous collateral, and to accelerate the maturity under such a demand. The complications thus permissible under this instrument and the concomitant rights and liabilities which could arise under this note, which is sought to be called a negotiable promissory note, may exceed anything contemplated by the Uniform Negotiable Instruments Act. As said in the Grandfield Case, supra, the first portion of the note before us contains all of the essential elements of a negotiable promissory note under the terms of our act, but the succeeding language and the rights and liabilities provided for thereunder convert the note into something far different from an ordinary negotiable promissory note.

For the reasons stated, we think the note before us is nonnegotiable and by reason thereof the maker may present any defense against the present holder that could have been presented against the note in the hands of the original payee.

The judgment is affirmed.

WELCH, C. J., and RILEY, OSBORN, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., absent.