Matthias, J.
The question presented to this court, as stated by the defendant, is as follows:
Is a promissory note a negotiable instrument under the Ohio Negotiable Instruments Act, where such note is payable in monthly installments commencing on a date therein stated, the final installment being due and payable at a date also stated therein, but contains a clause accelerating the payment of the balance due thereon at the option of the holder where the maker fails to pay any installment when due or where the chattel mortgage securing the note is breached in any respect?
The reference to the chattel mortgage requires consideration of the language thereof to ascertain the meaning and effect of the phrase in the note, “in the *454 event that the chattel mortgage securing this note is breached in any respect.” The portion of the mortgage pertinent to a decision of the issues herein is as follows:
“* * * the mortgagor does hereby covenant and agree that said mortgagor is lawfully possessed of said chattels as mortgagor’s own property; that the same is free from all encumbrances and that mortgagor will warrant and defend the same unto said mortgagee against all claims and demands of all persons; * * * that the mortgagor will keep the chattels insured at all times against loss by fire and/or other hazards * * * in amounts sufficient to protect mortgagee against loss of or damage to said chattels; * * * that said chattels shall remain at E D No. 2 Lowellville, Ohio, and that mortgagor will not remove or attempt to remove or permit the same to be removed therefrom, nor dispose of, encumber, or misuse said chattels, nor permit the same to be disposed of, encumbered, or misused ; that he will pay, when due, all taxes, license fees and other public charges that may be levied against or upon the chattels and satisfy any and all claims and liens that may be assessed or impressed upon the same.
i Í * *
“Mortgagor further covenants and agrees that in case default shall be made in the payment of any installment aforesaid, or of any of the covenants expressed herein, or whenever the mortgagee shall, for any reason, deem said indebtedness insecure, the mortgagee may, at its option and without notice, elect to treat the balance remaining unpaid on said note immediately due and payable forthwith, whereupon mortgagor agrees upon demand to deliver the chattels to mortgagee and mortgagee may without notice or *455 demand, -with or without the aid of legal process, make use of such force as may he necessary to enter upon, with or without breaking into any premises where the chattels may be found, and take possession thereof and remove the same to such other place as it may deem safe and convenient * * *.
< í * * #
“Whenever used herein, the words ‘mortgagor’ and ‘mortgagee’ shall include the heirs, successors, legal representatives and assigns of such party.” (Emphasis added.)
The determination of the question whether the note is a negotiable instrument involves the application of Sections 8106, 8107, 8109, 8110, General Code, which are as follows:
Section 8106. “An instrument to be negotiable must conform to the following requirements:
6 6 * * *
“3. Must be payable on demand, or at a fixed or determinable future time * *
Section 8107. “The sum payable is a sum certain within the meaning of this chapter although it is to be paid;
“1. With interest; or
“2. By stated installments; or
“3. By stated installments; or with a provision that upon default in payment of any installment or of interest, the whole shall become due; or
“4. With exchange, whether at a fixed rate or at the current rate; or
“5. With costs of collection or an attorney’s fee, in case payment shall not be made at maturity.”
Section 8109. “An instrument is payable at a determinable future time within the meaning of this chapter, which is expressed to be payable;
“1. At a fixed period after date or sight; or
*456 ‘ ‘ 2. On or before a fixed or determinable future time specified therein; or
“3. On or at a fixed period after the occurrence of a specified event, which is certain to happen, though the time of happening be uncertain.
“An instrument payable upon a contingency is not negotiable, and the happening of the event does not cure the defect.”
Section 8110. “An instrument which contains an order or promise to do any act in addition to the payment of money is not negotiable. But the negotiable character of an instrument otherwise negotiable is not affected by a provision which:
“1. Authorizes the sale of collateral securities in case the instrument be not paid at maturity; or
“2. Authorizes a confession of judgment if the instrument be not paid at maturity; or
“3. Waives the benefit of any law intended for the advantage or protection of the obligor; or
“4. Gives the holder an election to require something to be done in lieu of payment of money.
“But nothing in this section shall validate any provision or stipulation otherwise illegal.”
It is the contention of the defendant that the Court of Appeals erred in finding that the note was a negotiable instrument in the hands of a holder in due course and that as to such holder the defenses, which the defendant asserted against the payee of the note, are not valid defenses to the plaintiff’s claim.
The Court of Common Pleas also found the note to be a negotiable instrument, but, upon what the court deemed the only issue, “the good faith of the plaintiff,” permitted the defendant to introduce evidence covering an alleged agreement between the defendant and The Gibson-Stewart Company with respect to a claimed warranty of the mining machinery in pay *457 ment for which the note in question was given and also evidence relative to the claimed unsatisfactory performance of the machinery.
As was stated by the Court of Appeals in its opinion, the evidence introduced with reference to the machinery purchased and the claimed right of the defendant to return it to the vendor thereof, if it proved unsatisfactory or because of failure to meet the purpose of and requirements for the defendant’s use, being entirely without limitation as to the purpose or application thereof could well have led the jury to believe that it was considering a controversy between the vendor, The Gibson-Stewart Company, and the defendant.
The Court of Appeals, from a consideration of the record, stated in its opinion, in which there is unanimous concurrence, as follows:
“Review of the record positively convinces that the plaintiff sustained its right to recover by a preponderance of the evidence. While the record discloses detailed and conflicting evidence, which in all probability would present an issue for submission to and determination by a jury, with respect to the respective rights of defendant and Gibson-Stewart Company, we are unable to discover any evidence of a substantial character tending to prove that plaintiff possessed any knowledge of the details of the transaction between defendant and Gibson-Stewart Company, had actual knowledge of any infirmity or defect in the note if there was any such infirmity or defect, or that plaintiff had knowledge of any facts, as a result of which its action in taking the note could be characterized as bad faith. We are unable to find from the record any proof tending to establish the plaintiff purchased said note under circumstances that would have excited suspicion in the mind of a prudent and reasonable per *458 son. The fact that plaintiff paid a substantial consideration for the note has persuasive force militating against such premises. The mere existence of such circumstances would not constitute a defense, unless the proof was sufficient to show that plaintiff acted in bad faith or with want of honesty. Johnson v. Way, 27 Ohio St., 374 et seq.; Kitchen v. Loudenback, 38 Ohio St., 177 et seq.”
It follows that the sole question before us is whether the note in question is negotiable. If not, the endorsee thereof took it subject to all equities and defenses between the original parties thereto, and the judgment of the Court of Appeals should be reversed.
It is the contention of the defendant that the note in question is nonnegotiable by reason of the provision therein which, in addition to making the entire amount due at the holder’s option if any installment is not paid when due, also permits such acceleration “in the event that the chattel mortgage securing this note is breached in any respect.”
The arguments of counsel are directed to the question whether the note is payable “on or before a fixed or determinable time specified therein,” as required by Section 8109, General Code.
The principal contention of counsel for the defendant is that the negotiability of the note is destroyed by reason of the reference therein to the chattel mortgage given to secure the note and the authorizátion therein to accelerate the note at the option of the payee “in the- event that the chattel mortgage securing this note is breached in any respect.” The contention of counsel is that the note by this reference adopts the provisions of the mortgage, and that the holder of the note is thereby authorized to accelerate payment if he feels his claim to be insecure or that he can exercise his option at his own whim or caprice.
*459 It is true there are many decisions holding that the incorporation of a provision authorizing acceleration of payment, either in the note or by reference to another instrument, if and when the holder deems his claim insecure renders the note nonnegotiable, but there is substantial authority to the contrary. Authorities seem quite uniform, however, in holding that if the acceleration is dependent upon some act or default of the maker the rule against uncertainty of maturity is not violated.
The general rule is stated as follows in Britton on Bills and Notes, 101:
“Ah instrument payable at a fixed date or before then at the option of the holder, or automatically, conditioned upon the occurrence of specified acts or events, positive or negative, contingent or noncontingent, which acts or events represent some kind of express or implied default by the obligor of such a nature as to indicate an increased risk to the holder that the instrument may not be paid at the date of ultimate maturity, according to most authorities, is negotiable.” Many cases supporting the text are cited. See, also, Beutel’s Brannan Negotiable Instruments Law (7 Ed.), 275 el seq., and cases cited.
A distinction is made between a situation where acceleration is conditioned upon a failure or default of the maker of the note and. a situation where acceleration is authorized if the holder deems his claim insecure. In the latter it is held in many decisions that, because the holder may act upon his own whim or caprice, the note is not payable at a fixed or determinable time and hence is nonnegotiable.
Murrell v. Exchange Bank, 168 Ark., 645, 271 S. W., 21, 44 A. L. R., 1391; Harrison v. Fugatt, 179 Okla., 367, 65 P. (2d), 1200; American Finance Corp. v. Bourne, 190 Okla., 332, 123 P. (2d), 671; Moyer v. *460 Hyde, 35 Idaho, 161, 204 P., 1068, 28 A. L. R., 695; Guio v. Lutes, 97 Ind. App., 157, 184 N. E., 416; First National Bank v. McCartan, 206 Iowa, 1036, 220 N. W., 364. Contra: Dart National Bank v. Burton, 258 Mich., 283, 241 N. W., 858; Heard v. Dubuque County Bank, 8 Neb., 10, 30 Am. Rep., 811.
The rule applicable in situations such as that presented in the instant case is well stated in the case of First National Bank v. McCartan, supra, where the court, in construing a note containing an “insecurity” clause, held that, where an election is given to the payee or holder to declare the paper due and payable independent of any fault or control of the maker, the instrument is nonnegotiable.
In support of its decision, the court pointed out that the maker can have no control over the holder’s feelings in this regard, and that the election contemplated may arise at sjxj time the whim or caprice of the holder dictates and. without default on the part of the maker; thus a maker who has complied in all particulars will find himself in the predicament of a defaulter through an election by the holder over which no one has any control, except the elector.
A distinction is thus made by the court between cases where acceleration results because the maker fails to perform some duty and for that reason is in default and those cases where the due date is advanced, not as a result of the maker’s failure but at the mere volition of the holder. The latter situation makes the maturity date uncertain, and, therefore, nonnegotiability results.
In the case of American Finance Corp. v. Bourne, supra, this rule is well stated as follows in the syllabus by the court:
“A promissory note that contains provisions where-under the holder of the note is empowered to declare *461 the note due and payable before maturity in the exercise of the holder’s unrestrained option is by reason thereof nonnegotiable * *
The word, “breached,” as used in the note, necessarily refers to a default or failure on the part of the maker to keep some covenant contained in the chattel mortgage. The word, “breach,” is primarily defined to be “an act of breaking; the violation of a law, contract or any other engagement.” Particularly applicable here is the definition, “failure without legal excuse, to perform any promise which forms the whole or part of a contract * * * and may be inferred from the ‘refusal of a party to recognize the existence of a contract, or the doing of something inconsistent with its existence.’ ” Friedman v. Katzner, 139 Md., 195, 114 A., 884; 5 Words and Phrases (Perm. Ed.), 761.
It would be straining the language of the acceleration clause in the note to hold that a reference .therein to a breach of the chattel mortgage securing the note constitutes an incorporation of all the terms and provisions of the mortgage. The performance or the failure to perform the covenants of the mortgage is entirely within the power of the maker of the note. Under the terms of the note the acceleration of the payment thereof may occur only by reason of the default of the maker in the performance of those covenants of the mortgage in like manner as upon default in the payment of the installments as provided in the note.
The specific provision permitting the acceleration of the payment of the note at the option of the holder thereof upon breach of the provisions of the chattel mortgage securing the note does not purport to render conditional or uncertain the maker’s otherwise absolute and certain obligation in the earlier parts of the instrument and hence does not render the note nonnegotiable. Davis v. Union Planters Natl. Bank & Trust *462 Co., 171 Tenn., 383, 103 S. W. (2d), 579; Thorp v. Mindeman, 123 Wis., 149, 101 N. W., 417; and Continental Natl. Bank v. Conner, 147 Texas, 218, 214 S. W. (2d), 928.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Taft, Hart and Zimmerman, JJ., concur.
Stewart, J., concurs specially.
Middleton, J., dissents.